IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EVERETT DE'ANDRE ARNOLD, K.B., a minor by and through his mother and next friend, CINDY BRADFORD, and SANDY ARNOLD<br><br>Plaintiffs,<br><br>v.<br><br>BARBERS HILL INDEPENDENT SCHOOL DISTRICT; BARBERS HILL INDEPENDENT SCHOOL DISTRICT's BOARD OF TRUSTEES; GEORGE BARRERA, in his individual and official capacity; FRED SKINNER, in his individual and official capacity; CYNTHIA ERWIN, in her individual and official capacity; BECKY TICE; in her individual and official capacity; BENNY MAY, in his individual and official capacity, ERIC DAVIS, in his individual and official capacity; CLINT PIPES, in his individual and official capacity; GREG POOLE, in his individual and official capacity; SANDRA DUREE, in her individual and official capacity; MANDY MALONE, in her individual and official capacity, RICK KANA, in his individual and official capacity, RYAN RODRIGUEZ in his individual and official capacity, DOUG ANDERSON, in his individual and official capacity; KIRVEN TILLIS, in his individual and official capacity.<br><br>Defendants. | CIVIL ACTION NO. 4:20-CV-01802<br><br>JURY TRIAL REQUESTED |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR
TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

1

On this day, the Court considered Plaintiffs' Everett De'Andre Arnold ("De'Andre"), Sandy Arnold, and Cindy Bradford, on behalf of her minor son, K.B., (collectively, the "Plaintiffs") Motion for Temporary Restraining Order and Preliminary Injunction (the "Motion") against Defendants Barbers Hill Independent School District ("BHISD" or the "District"); BHISD's Board of Trustees (the "Board"); individual Board members George Barrera, Fred Skinner, Cynthia Erwin, Becky Tice, Benny May, Eric Davis and Clint Pipes ("Trustees"); BHISD Superintendent Dr. Greg Poole ("Superintendent Poole"); BHISD Deputy Superintendent Sandra Duree ("Ms. Duree"); BHISD Coordinator of Student Services Mandy Malone ("Ms. Malone"); Barbers Hill High School Principal Rick Kana ("Principal Kana"); Assistant Principal Ryan Rodriguez ("AP Rodriguez"); Doug Anderson ("AP Anderson"); and CTE Coordinator Kirven Tillis ("Mr. Tillis" and, collectively with the remaining defendants, the "Defendants") concerning the construction and enforcement of BHISD's discriminatory dress and grooming policy (the "hair policy") against Plaintiffs De'Andre and K.B. It appears from the specific facts set forth in said Motion, along with the declarations and exhibits attached thereto, that immediate and irreparable injury, loss, and harm will result to Plaintiffs unless Defendants are restrained as prayed for in Plaintiffs' Motion.

The Court finds that Plaintiffs have a probable right to recover on their claims of violations of their constitutional and statutory rights and that imminent and irreparable injury is likely to result to Plaintiffs unless Defendants are restrained as prayed for in

Plaintiffs' Motion.  The Court has been presented with prima facie evidence of the following, which supports and justifies granting the Motion:

1. Plaintiffs De'Andre and K.B. were students at Barbers Hill High School who began growing their hair and forming locs as expressions of their Black culture and heritage.

2. When De'Andre and K.B. began growing their locs, Defendant BHISD had a dress and grooming code with a policy that male students hair must be off the shoulders, above the earlobes, and out of the eyes.

3. In the middle of the 2019-2020 school year, BHISD changed their policy to prohibit male students from having their hair past the prohibited length "when let down."  This change made it impossible for De'Andre and K.B. to wear locs without continually cutting them.

4. De'Andre and K.B. were constructively expelled from BHISD and transferred schools after being forced by BHISD to choose between cutting their hair or being sent to in-school suspension and an alternative school.

5. BHISD's graduation will take place on May 29, 2020.  Defendants will not allow De'Andre to walk in his graduation ceremony unless he cuts his locs.  Without relief, De'Andre will miss graduating from BHISD.

6. BHISD holds a summer band camp for incoming band members. K.B. was enrolled in band when he attended Barbers Hill High School but Defendants refuse to accept K.B.'s transfer back into BHISD or allow him to participate in the summer band program unless he cuts his locs. Without relief, K.B. cannot return to BHISD or the band program.

7. De'Andre and K.B. are likely to succeed on the merits of their claims of sex discrimination (in violation of the Fourteenth Amendment's Equal Protection Clause and Title IX the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.* ("Title IX")), race discrimination (in violation of the Fourteenth Amendment's Equal Protection Clause and Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq.* ("Title VI")), and violations of their First Amendment right to freedom of expression.

8. BHISD's hair policy amounts to sex discrimination in violation of the Fourteenth Amendment and Title IX because it expressly regulates male students' hair length but does not regulate female students' hair length, and BHISD failed to offer any proof that the discriminatory policy is substantially related to an important government interest.

9. BHISD's hair policy amounts to race discrimination in violation of the Fourteenth Amendment and Title VI because BHISD's hair policy was motivated by the racially discriminatory goal of restricting Black students from

4

wearing their natural hair and the policy was selectively enforced against De'Andre and K.B. when other with male students were not being harassed for having hair longer than the hair policy allowed.

10. BHISD's hair policy violates De'Andre and K.B.'s rights to speak freely without repercussions from government. De'Andre's and K.B.'s natural locs are communicative hairstyles that constitute protected speech. Defendants punished De'Andre and K.B. for expressing their heritage and culture with no legitimate justification.

11. De'andre and K.B. face a substantial threat of irreparable injury without injunctive relief that outweighs any potential harm Defendants could suffer. Without injunctive relief, De'Andre will be harmed by being prevented from graduating from BHISD and participating in BHISD's graduation ceremony scheduled to occur on May 29, 2020. Without injunctive relief, K.B. will be harmed by being prevented from participating in BHISD's summer marching band program and enrolling in classes at Barbers Hill High School for the Fall 2020 semester. Defendants will not be harmed by this injunctive relief.

Accordingly, the Court has determined that Plaintiffs are entitled to a Temporary Restraining Order and hereby **GRANTS** Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction. It is, therefore,

**ORDERED** that Defendants immediately permit De'Andre and K.B. to transfer to and re-enroll in BHISD.

**IT IS FURTHER ORDERED** that Defendants permit De'Andre to participate in BHISD's in-person graduation ceremony without cutting his locs.

**IT IS FURTHER ORDERED** that Defendants permit K.B. to participate in Barber's Hill High School's summer marching band program without cutting his locs.

**IT IS FURTHER ORDERED** that Defendants permit K.B. to complete enrollment in classes at Barbers Hill High School for the Fall 2020 semester without cutting his locs.

**IT IS FURTHER ORDERED** that this Court shall issue a Preliminary Injunction to continue in effect until further order of this Court, enjoining, requiring, or mandating Defendants, including their officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with them, as follows:

1. Enjoining Defendants from enforcing the BHISD hair policy against De'Andre and K.B. or otherwise seeking to force De'Andre or K.B. to cut their locs;

2. Requiring Defendants to allow De'Andre and K.B. to immediately transfer to/re-enroll in BHISD without cutting their locs;

3. Requiring Defendants to allow K.B. to participate in BHISD's summer marching band programs without cutting his locs; and

4. Requiring Defendants to allow K.B. to complete enrollment in classes at Barbers Hill High School for the Fall 2020 semester without cutting his locs.

**IT IS FURTHER ORDERED** that this Preliminary Injunction is effective immediately and shall continue in force and effect until further notice of this Court or until it expires by operation of law.

Plaintiffs shall, prior to the issuance of such Temporary Restraining Order, file with the Clerk of this Court, a Bond in the total amount of $_____, in sufficient form and condition as required by law to be approved by the Clerk of this Court.

SIGNED AND ENTERED May _____, 2020

_____
Judge George C. Hanks, Jr.
United States District Judge
Southern District of Texas