UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EVERETT DE'ANDRE ARNOLD, *et al*, § <br> § <br> Plaintiffs, § <br> VS. § <br> § <br> BARBERS HILL INDEPENDENT § <br> SCHOOL DISTRICT, *et al*, § <br> § <br> Defendants. § | CIVIL ACTION NO. 4:20-CV-1802 |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is a motion for a temporary restraining order and a preliminary injunction filed by the plaintiffs on May 26, 2020 (Dkt. 9). The Court has held a hearing on Plaintiff Everett De'Andre Arnold's ("Arnold") request for a preliminary injunction requiring Defendant Barbers Hill Independent School District ("BHISD") to allow Arnold to participate in BHISD's graduation ceremony on May 29, 2020 at 8:00 p.m. After careful consideration of the pleadings, the motion, the responses, the parties' submissions, the entire record and the applicable law, the Court **DENIES** Arnold's request.

The purpose of a preliminary injunction is to preserve the status quo and prevent irreparable harm until the respective rights of the parties can be ascertained during a trial on the merits. *City of Dallas v. Delta Air Lines, Inc.*, 847 F.3d 279, 285 (5th Cir. 2017). In the Fifth Circuit, the following well-established framework generally governs the determination of whether to grant a preliminary injunction:

> To be entitled to a preliminary injunction, the movant must satisfy each of the following equitable factors: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) the threatened injury to the movant outweighs the threatened harm to the party sought to be enjoined; and (4) granting the injunctive relief will not disserve the public interest. Because a preliminary injunction is an extraordinary remedy, it should not be granted unless the movant has clearly carried the burden of persuasion on all four requirements. Failure to sufficiently establish any one of the four factors requires this Court to deny the movant's request for a preliminary injunction.
> *Id*.

The requirements for obtaining a preliminary injunction are stringent in all cases, but "[m]andatory preliminary relief, which goes well beyond simply maintaining the status quo pendente lite, is particularly disfavored, and should not be issued unless the facts and law clearly favor the moving party." *Martinez v. Mathews*, 544 F.2d 1233, 1243 (5th Cir. 1976); *see also Justin Industries, Inc. v. Choctaw Securities, L.P.*, 920 F.2d 262, 268 n. 7 (5th Cir. 1990) ("And because Sutherland is seeking a mandatory injunction, it bears the burden of showing a clear entitlement to the relief under the facts and the law."); *Exhibitors Poster Exchange, Inc. v. National Screen Service Corp.*, 441 F2d 560, 561 (5th Cir. 1971) ("[W]hen a plaintiff applies for a mandatory preliminary injunction, such relief should not be granted except in rare instances in which the facts and law are clearly in favor of the moving party.") (quotation marks omitted); *Roark v. Individuals of Federal Bureau of Prisons, Former and Current*, 558 Fed. App'x 471, 472 (5th Cir. 2014).

The injunction sought by Arnold does not maintain the status quo and is instead mandatory in nature. That injunction would require BHISD to allow Arnold—who is no longer a BHISD student, who has not applied for readmission to BHISD, and who has

apparently graduated from Ross S. Sterling High School in the adjoining Goose Creek school district—to re-enroll in BHISD for the sole purpose of participating in BHISD's graduation ceremony. There is no evidence in the record showing that Arnold seeks to take additional classes or otherwise further his education by enrolling in BHISD. Regardless of whether the injunction he seeks is considered mandatory, Arnold has failed to establish entitlement to preliminary injunctive relief. Even assuming that he has established a substantial likelihood of success on the merits of his claims for relief, Arnold has not established the second, third, and fourth factors set out by the Fifth Circuit.

### a. Threat of irreparable injury

Here, Arnold has not shown a substantial threat of irreparable injury. "The extraordinary equitable remedy of an injunction requires that the [movant] demonstrate that, without injunctive relief, he will suffer an irreparable injury for which damages are an inadequate remedy." *Jones v. American Council on Exercise*, 245 F. Supp. 3d 853, 867 (S.D. Tex. 2017) (quotation marks omitted) (J. Miller). "[T]he injury at issue must be actual and imminent, not speculative or remote." *Allied Home Mortgage Corp. v. Donovan*, 830 F. Supp. 2d 223, 227 (S.D. Tex. 2011) (J. Harmon).

The Court sympathizes with Arnold's desire to walk in BHISD's graduation ceremony. Arnold received nearly all of his education in BHISD, and he testified that he has many friends in, and a strong connection to, BHISD. However, as Judge Hittner aptly phrased it in his opinion in *Khan*, "commencement ceremonies are *symbolic* of the educational end result[; they are] not an essential component of it[.]" *Khan v. Fort Bend*

*ISD*, 561 F. Supp. 2d 760, 766 (S.D. Tex. 2008) (emphasis added). Though commencement ceremonies have undeniable emotional significance, the loss of the opportunity to participate in one does not by itself constitute irreparable harm. *Id*. Despite his strong connection to BHISD, the facts remain that Arnold is not a student at BHISD and that he completed his high school coursework at Sterling High School in the Goose Creek school district. Although the record is unclear as to whether Sterling High School has had or will have an in-person graduation ceremony, the record does reflect that Arnold participated in a virtual graduation ceremony last week on May 23, 2020 at Sterling High School. Furthermore, it is undisputed that Arnold will receive a Texas high school diploma regardless of whether he dons a graduation gown or crosses a stage and Arnold has not informed the Court that he earned scholarships or other opportunities that will be revoked if he does not participate in a BHISD graduation ceremony this evening.

Accordingly, the Court finds that Arnold has not met his burden of showing a substantial threat that he will suffer irreparable harm if he does not walk in BHISD's graduation ceremony this evening.

### b. Relative weight of threatened harm

Arnold has also failed to show that the threat of harm Arnold faces if he is not allowed to walk in BHISD's graduation ceremony outweighs the threat of harm faced by BHISD if his request for an injunction is granted.

As previously discussed, despite the symbolic importance of commencement ceremonies, the loss of the opportunity to participate in one does not by itself constitute threatened irreparable harm and would not constitute such harm even if Arnold was

currently enrolled in BHISD. *Id*. at 766–67. On the other end of the scale, BHISD contends that it will be harmed if it is forced to enroll a student a few days before, and for the sole purpose of participation in, a commencement ceremony when that student did not graduate from a BHISD high school, has not applied for enrollment in BHISD, and has graduated from (or at least completed his coursework at) a high school in a different district.

Given the lack of any evidence showing that the inability to participate in BHISD's commencement ceremony poses an actual and imminent threat of irreparable injury to Arnold, Arnold has not met his burden of persuasion on this factor.

### c. The public interest

Finally, Arnold has not shown that granting his request for preliminary injunctive relief will not disserve the public interest. As the Court has repeatedly noted, Arnold seeks to force BHISD to enroll him a few days before, and for the sole purpose of participation in, a commencement ceremony when he did not graduate from a BHISD high school, has not applied for enrollment in BHISD, and has graduated from (or at least completed his coursework at) a high school in a different district. Based on the evidence before it, the Court finds that granting Arnold's request would be unduly disruptive to BHISD's administration of its enrollment and graduation ceremony and would not serve the public's interest. Accordingly, the Court finds that Arnold has not met his burden of persuasion on this factor.

The Court, again, sympathizes with Arnold's desire to walk in BHISD's commencement ceremony. But Arnold has not carried his burden to establish entitlement

to the extraordinary relief that he seeks, and his request for a preliminary injunction requiring BHISD to allow him to participate in its commencement ceremony is **DENIED**.

SIGNED at Houston, Texas, this 29th day of May, 2020.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE