**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| EVERETT DE'ANDRE ARNOLD, *et al.*,<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>BARBERS HILL INDEPENDENT SCHOOL DISTRICT, *et al.*<br><br>　　　　　　　　Defendants. | CIVIL ACTION NO. 4:20-CV-01802<br><br>JURY TRIAL REQUESTED |

**[PROPOSED] ORDER GRANTING PLAINTIFF K.B.'S
MOTION FOR A PRELIMINARY INJUNCTION**

On this day, the Court considered the Motion for a Preliminary Injunction (the "Motion") filed by Plaintiff Cindy Bradford, on behalf of her minor son, K.B. ("K.B."), against Defendants Barbers Hill Independent School District ("BHISD" or the "District"); BHISD's Board of Trustees (the "Board"); individual Board members George Barrera, Fred Skinner, Cynthia Erwin, Becky Tice, Benny May, Eric Davis and Clint Pipes ("Trustees"); BHISD Superintendent Dr. Greg Poole ("Superintendent Poole"); BHISD Deputy Superintendent Sandra Duree ("Ms. Duree"); BHISD Coordinator of Student Services Mandy Malone ("Ms. Malone"); Barbers Hill High School Principal Rick Kana ("Principal Kana"); Assistant Principal Ryan Rodriguez ("AP Rodriguez"); Doug Anderson ("AP Anderson"); and CTE Coordinator Kirven Tillis ("Mr. Tillis" and, collectively with the remaining defendants, the "Defendants") concerning the construction and enforcement of BHISD's dress and grooming policy (the "hair policy") against K.B. It appears from the specific facts set forth in said Motion, along with the declarations and

exhibits attached thereto, that immediate and irreparable injury, loss, and harm will result to K.B. unless Defendants are restrained as prayed for in K.B.'s Motion.

The Court finds that K.B. has a probable right to recover on his claims of violations of his constitutional and statutory rights and that imminent and irreparable injury is likely to result to K.B. unless Defendants are restrained as prayed for in K.B.'s Motion. The Court has been presented with prima facie evidence of the following, which supports and justifies granting the Motion:

1. Plaintiff K.B. was a student at Barbers Hill High School who began growing his hair and forming locs as an expressions of his Black culture and heritage.

2. When K.B. began growing his locs, Defendant BHISD had a dress and grooming code with a policy that prohibited male students' hair from extending below the eyebrows, below the earlobes, or below the top of a t-shirt collar.

3. In the middle of the 2019-2020 school year, BHISD changed its policy to state as follows: "Male students' hair will not extend, at any time, below the eyebrows, or below the earlobes. Male students' hair must not extend below the top of a t-shirt collar or be gathered or worn in a style that would allow the hair to extend below the top of a t-shirt collar, below the eyebrows, or below the ear lobes when let down." This change made it impossible for K.B. to wear his locs without continually cutting them.

4. K.B. was constructively expelled from BHISD and transferred schools after being forced by BHISD to choose between cutting his hair or remaining in in-school suspension and being sent to an alternative school.

5. BHISD holds a summer band camp for incoming band members. K.B. was enrolled in band when he attended Barbers Hill High School but Defendants refuse to allow K.B. to participate in the summer band program unless he cuts his locs. Without relief, K.B. cannot return to BHISD's regular classroom instruction or the band program without first cutting his locs.

6. K.B. is likely to succeed on the merits of his claims of sex discrimination (in violation of the Fourteenth Amendment's Equal Protection Clause and Title IX the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.* ("Title IX")), race discrimination (in violation of the Fourteenth Amendment's Equal Protection Clause and Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq.* ("Title VI")), and violations of his First Amendment right to freedom of expression.

7. BHISD's hair policy amounts to sex discrimination in violation of the Fourteenth Amendment's Equal Protection Clause and Title IX because it expressly regulates male students' hair length but does not regulate female students' hair length, and BHISD failed to offer any proof that the discriminatory policy is substantially related to an important government interest.

8. BHISD's hair policy amounts to race discrimination in violation of the Fourteenth Amendment's Equal Protection Clause and Title VI because BHISD's hair policy was motivated by the racially discriminatory goal of restricting Black students from wearing their natural hair and the policy was

selectively enforced against K.B. when other with male students were not being harassed for having hair longer than the hair policy allowed.

9. BHISD's hair policy violates K.B.'s right to speak freely without repercussions from government. K.B.'s natural locs are a communicative hairstyle that constitute protected speech. Defendants arbitrarily punished K.B. for expressing his Black heritage and culture without legitimate justification.

10. K.B. faces a substantial threat of irreparable injury without injunctive relief that outweighs any potential harm Defendants could suffer. Without injunctive relief, K.B. will be harmed by being prevented from participating in BHISD's summer marching band program and receiving regular classroom instruction at Barbers Hill High School for the Fall 2020 semester. Defendants will not be harmed by this injunctive relief, and the public's interest will be served by this injunctive relief.

Accordingly, the Court has determined that K.B. is entitled to a Preliminary Injunction and hereby **GRANTS** K.B.'s Motion in its entirety. It is, therefore,

**ORDERED** that a Preliminary Injunction is issued and shall be in effect until further order of this Court, enjoining, requiring, or mandating Defendants, including their officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with them, as follows:

1. Enjoining Defendants from enforcing the BHISD hair policy against K.B. or otherwise seeking to force K.B. to cut his locs;

2. Requiring Defendants to allow K.B. to immediately transfer to/re-enroll in BHISD without cutting his locs;

3. Requiring Defendants to allow K.B. to participate in BHISD's summer marching band program and other extracurricular activities without cutting his locs;

4. Allowing K.B. to receive the same in-class or distance learning instruction as other students in the upcoming academic year without cutting his natural locs;

5. Enjoining Defendants from making any disparaging or negative statements or comments about K.B. to any school, university, organization, business, individuals, or other persons; and

6. Enjoining Defendants from taking any further actions to retaliate against K.B. for refusing to cut his natural locs.

**IT IS FURTHER ORDERED** that this Preliminary Injunction is effective immediately and shall continue in force and effect until further notice of this Court or until it expires by operation of law.

K.B. shall file with the Clerk of this Court, a Bond in the total amount of $_____, in sufficient form and condition as required by law to be approved by the Clerk of this Court.

SIGNED AND ENTERED _____, 2020

_____
Judge George C. Hanks, Jr.
United States District Judge
Southern District of Texas