**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| EVERETT DE'ANDRE ARNOLD, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | CIVIL ACTION NO. 4:20-CV- |
| ) | 01802 |
| v. ) | |
| ) | JURY TRIAL REQUESTED |
| BARBERS HILL INDEPENDENT ) | |
| SCHOOL DISTRICT, ) | |
| ) | |
| Defendant. ) | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE**

1. **State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel or self-represented litigant who attended for each party.**

   The parties conducted a Rule 26(f) conference on April 9, 2021, via telephone.

   Counsel for Plaintiffs Everett De'Andre Arnold, K.B., a minor by and through his mother and next friend, Cindy Bradford, and Sandy Arnold (collectively, the "Plaintiffs") included:

   Nicholas Petree and Michaele Turnage Young.

   Counsel for Barbers Hill Independent School District ("BHISD" or the "District") included:

   Richard Morris, Jonathan Brush, and Amy Demmler.

2. **List the cases related to this one that are pending in any state or federal court, with the case number and court, and state how the cases are related.**

   There are no currently pending cases related to this one.  However, until May 21, 2021, *Cindy Bradford v. Barbers Hill Independent School District; et al.*, Case No. 20-20488, was pending in the United States Court of Appeals for the Fifth Circuit.  On September 15, 2020, Defendants filed this appeal challenging this Court's Memorandum and Opinion and Order granting Plaintiff K.B.'s motion for a preliminary injunction.  On May 20, 2021, Defendants-Appellants requested that the Fifth Circuit dismiss the appeal. On May 21, 2021, the Fifth Circuit dismissed the appeal.

3. **Briefly** describe what this case is about.

Plaintiffs De'Andre Arnold and K.B., two Black male high school students, and Sandy Arnold, De'Andre's mother, have sued BHISD alleging that BHISD's creation, revision, construction, and selective enforcement of BHISD's policy regulating male students' hair (the "Hair Policy") is discriminatory on the basis of race and sex in violation of constitutional, federal, and state law, and infringes on De'Andre's and K.B.'s constitutional right to freedom of expression.  Plaintiffs allege that BHISD intentionally revised the discriminatory Hair Policy for the purpose of forcing De'Andre and K.B. to cut their culturally significant locs and assimilate to BHISD's vision of "excellence." Plaintiffs allege that the Hair Policy serves no legitimate educational goal.

Plaintiffs bring this civil rights action against BHISD for: (1) race discrimination in violation of the Fourteenth Amendment right to equal protection; Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq.* ("Title VI"); and Texas Civil Practice and Remedies Code § 106.001; (2) sex discrimination in violation of the Fourteenth Amendment right to equal protection; Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.* ("Title IX"); and Texas Civil Practice and Remedies Code § 106.001; (3) violation of the First Amendment right to free speech and freedom of expression; (4) retaliation in violation of the First Amendment right to free speech and freedom of expression; (5) retaliation in violation of Title IX; (6) violation of the Fourteenth Amendment's Due Process Clause; and (7) declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

Plaintiffs seek (1) a permanent reinstatement of K.B. in Barbers Hill High School without subjection to enforcement of BHISD's discriminatory Hair Policy; (2) a judgment against Defendants finding and declaring that the Defendants' actions violated Plaintiffs' constitutional and statutory rights to be free from race and sex discrimination and to enjoy freedom of speech and expression; (3) injunctive relief that, among other relief, orders Defendants to rescind BHISD's Hair Policy and put in place policies and procedures to ensure that such discriminatory conduct does not recur; (4) an order expunging all disciplinary sanctions stemming from BHISD's Hair Policy from De'Andre's and K.B.'s school records; (5) compensatory damages, plus pre- and post-judgment interest; (6) nominal and punitive damages, plus pre- and post-judgment interest; (7) reasonable attorneys' fees and costs; and (8) such other and further relief to Plaintiffs as the Court deems just and equitable.

BHISD denies all of Plaintiffs' allegations. BHISD asserts that neither it nor its employees discriminated against K.B., De'Andre Arnold, Ms. Arnold, or Ms. Bradford in any manner. Further, BHISD asserts that its grooming policies are not discriminatory and serve a legitimate purpose of promoting order, discipline, and a positive learning environment for all students attending school in BHISD. BHISD's grooming policies

were not revised to target K.B. or De'Andre and administrators did not (and do not) unfairly or prejudicially apply the policies to K.B. or De'Andre based on their race or gender.

**4. Identify any issues as to service of process, personal jurisdiction, or venue.**

None.

**5. Federal jurisdiction.**

    **a. Specify the allegation of federal jurisdiction.**

        Plaintiffs originally brought this suit in the United States District Court for the Southern District of Texas.  This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331, as this case involves questions of federal law.  This Court also has jurisdiction under 28 U.S.C. § 1343(a) because Plaintiffs seek damages for violations of their civil rights.  Supplemental jurisdiction over Plaintiffs' state law claims is proper under 28 U.S.C. § 1367.

    **b. Identify the parties, if any, who disagree with the plaintiff's federal jurisdictional allegations, and state their reasons.**

        None.

    **c. If federal jurisdiction is based on diversity of citizenship and any of the parties is a limited liability entity, please state the citizenship of each of the members of the limited liability entity.  When members of a limited liability entity are themselves entities or associations, citizenship must be traced through however many layers of members there are until arriving at the entity that is not a limited liability and identifying its citizenship.  *See Acadian Diagnostic Labs., L.L.C. v. Quality Toxicology, L.L.C.*, 965 F.3d 404, 408 (5th Cir. 2020).**

        Not applicable.

**6. List anticipated additional parties that should be included, and by whom they are wanted.**

At this time, the parties are not aware of additional parties that should be included in the suit.

7. **List anticipated interventions.**

At this time, the parties do not anticipate any interventions.

8. **Describe class-action or collective-action issues.**

At this time, there are none.

9. **State whether each party has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures and the dates.**

The parties exchanged initial disclosures on April 23, 2021.

10. **If the case includes a claim for attorneys' fees, state whether the parties agree to submit the fees issue to the court for resolution on affidavits or declarations, after the other issues are resolved.**

The parties agree to submit attorneys' fees issues to the court for resolution on affidavits or declarations.

11. **Describe the proposed agreed discovery plan, including:**

   A. **Responses to the matters raised in Rule 26(f), including any agreements (and disputes) concerning electronic and other discovery.**

      i. **What changes should be made in timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.**

         The parties exchanged initial disclosures on April 23, 2021.

      ii. **The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues.**

         The parties anticipate that they will engage in discovery related to matters including, but not limited to, actions taken by BHISD and its personnel and agents in connection with BHISD's Hair Policy, revisions to the Hair Policy, the adoption of the Hair Policy and revisions thereto, and the enforcement of the Hair Policy against De'Andre, K.B., and other BHISD students, as well as documents concerning the demographic makeup of BHISD, BHISD disciplinary records, and BHISD standard operating procedures for

disciplinary measures and the enforcement of BHISD policies. Based on the Plaintiffs' pleadings and basis for their complaints, BHISD intends to engage in discovery related to the personal grooming habits and hair style choices of De'Andre and K.B., including but not limited to where and how often they visit hair stylists or locticians. Plaintiffs contend that their personal grooming habits are generally irrelevant and that such discovery requests—especially when targeted to a young adult and a minor—are harassing, invasive, and not proportionate to the needs of this case. The parties do not believe that discovery should be conducted in phases.

**iii.     Any issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.**

The parties are not aware of any issues relating to the disclosure or discovery of electronically stored information ("ESI") that need to be addressed by the Court at this time. The parties will attempt to reach agreement on all issues surrounding the production of ESI and will address the issue with the Court only if necessary.

**iv.     Any issues about claims of privilege or of protection as trial-protection material, including—if the parties agree on a procedure to assert such claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 503.**

The parties submitted an agreed protective order which was signed by the Court on June 4, 2021. *See* Dkt. No. 143. The Court then entered an Amended Protective Order on October 12, 2021. *See* Dkt. No. 160.

**v.     What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

Limitations on discovery may be subject to any COVID-19-related orders. At this time, the parties do not believe that any other changes should be made in the limitations on discovery imposed by the Federal Rules of Civil Procedure or by local rule, or that any other limitations should be imposed. The parties reserve their rights to make changes to the limitations in discovery later in this litigation.

      vi.     **Any other orders that should be entered by the court under Rule 26(c) or under Rule 16(b) and (c).**

            The parties submitted an agreed protective order which was signed by the Court on June 4, 2021. *See* Dkt. No. 143.

**B. Any threshold issues—such as limitations, jurisdiction, or immunity—that should be scheduled for early resolution, what discovery targeted to those issues may need to occur early, and how long this targeted discovery will take.**

At this time, there are no threshold issues that should be scheduled for early resolution.

## 12. Experts

**A. Are experts needed on issues other than attorneys' fees?**

Yes.

**B. If medical experts are needed, identify whether they are only treating physicians or also designated on other issues.**

To the extent that medical experts may be designated in this matter, no treating physicians will be designated.

**C. The date the party with the burden of proof on an issue will be able to designate experts and provide the reports required by Rule 26(a)(2)(B)**

Plaintiffs designated their experts and provided the reports required by Rule 26(a)(2)(B) on August 20, 2021, pursuant to the Court's docket control order. *See* Dkt. No. 140.

**D. The date the opposing party will be able to designate responsive experts and provide the reports required by Rule 26(a)(2)(B)**

BHISD shall designate responsive experts and provide the reports required by Rule 26(a)(2)(B) by October 22, 2021, pursuant to the parties' agreement.

## 13. State the date the planned discovery can reasonably be completed.

The parties anticipate completing discovery by November 12, 2021. *See* Dkt. No. 140.

14. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

At this time, the parties are agreed on the discovery plan.

15. **Specify the discovery beyond the initial disclosures that has been undertaken to date.**

The parties engaged in limited discovery after the hearing on Plaintiffs' Motion for a Preliminary Injunction. Defendants submitted student disciplinary records and supplemented the record after the hearing with declarations from various school officials. Plaintiffs were able to take limited depositions of the declarants, Doug Anderson, Alicia Brooks, Mike Confresi, Shelley Deakle, Lance Murphy, Regan Rinaldo, Ryan Rodriguez, and Kirven Tillis, related to the submitted school records.

16. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting or have emerged since then.**

Plaintiffs are amenable to pursuing informal means to resolve the dispute.

The District reserves any settlement or resolution discussions until after discovery and resolution of any dispositive motions.

17. **From the attorneys' discussion with the clients, state the alternative dispute resolution techniques that are reasonably suitable and when they are likely to be effective in this case.**

The parties have previously participated in mediation, Magistrate Judge Andrew Edison presiding. Plaintiffs agree that mediation may be a viable alternative dispute resolution technique. The District reserves any designation of its preferred alternative dispute resolution technique until after discovery and resolution of any dispositive motions. Any additional mediation will be conducted prior to trial.

18. **With the consent of all parties, United States Magistrate Judges Andrew Edison may preside and hear jury and non-jury trials. Indicate the parties' joint position on a trial before Judge Edison.**

The parties do not consent to trial before a magistrate judge.

19. **State whether a jury demand has been made and if it was made on time.**

A timely jury demand was made in Plaintiffs' Original Complaint on May 22, 2020. *See* Dkt. No. 1.

7

20. **Specify the number of hours it will likely take to present the evidence.**

The parties anticipate that the parties will require 10 days to present evidence on this case.

21. **List pending motions that may be ruled on at the initial pretrial and scheduling conference.**

None.

22. **List other pending motions.**

The District filed its motion for partial dismissal on June 21, 2021. *See* Dkt. No. 144.

23. **List issues or matters, including discovery, that should be addressed at the conference.**

None.

24. **Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.**

The Plaintiffs filed their Certificate of Interested Parties on May 22, 2020. *See* Dkt. No. 2.

The District filed its Certificate of Interested Parties on June 22, 2021. *See* Dkt. No. 146.

DATE: October 22, 2021

 */s/ Alyx Eva*
Stephen Baldini*
AKIN GUMP STRAUSS
HAUER & FELD LLP
One Bryant Park
Bank of America Tower
New York, NY 10036
Tel: (212) 872-1062
Fax: (212) 872-1002
sbaldini@akingump.com

 */s/ Amy Demmler*
Richard A. Morris
State Bar No. 14497750
Fed. I.D. 2780689
Jonathan G. Brush
State Bar No. 24045576
Fed. I.D. No. 619970
Amy Demmler
State Bar No. 24092337
Fed. I.D. No. 3227731
ROGERS, MORRIS & GROVER, L.L.P.

8

Roxanne Tizravesh
Texas Bar No. 24091141
Fed. I.D. No. 2618739
Nicholas E. Petree (attorney-in-charge)
Texas Bar No. 24083657
Fed. I.D. No. 1778181
Christina Hightower
Texas Bar No. 24101231
Fed. I.D. No. 3229705
Alyx Eva
Texas Bar No. 24116334
Fed. I.D. No. 3544812
R. Conor Tomalty
Fed. I.D. No. 3623592
Texas Bar No. 24121170
AKIN GUMP STRAUSS
HAUER & FELD LLP
1111 Louisiana Street, Ste. 44
Houston, Texas 77002
Tel: (713) 220-5800
Fax: (713) 236-0822
rtizravesh@akingump.com
npetree@akingump.com
chightower@akingump.com
aeva@akingump.com
ctomalty@akingump.com

Janai S. Nelson*
NAACP LEGAL DEFENSE AND
EDUCATIONAL FUND, INC.
40 Rector Street, 5th Floor
New York, New York 10006
Tel: (212) 965-2200
Fax: (212) 226-7592
jnelson@naacpldf.org

Michaele N. Turnage Young*
Mahogane Reed*
Texas Bar No. 24110259
NAACP LEGAL DEFENSE AND
EDUCATIONAL FUND, INC
700 14th Street N.W., Ste. 600
Washington, D.C. 20005

5718 Westheimer, Suite 1200
Houston, Texas 77057
Tel: (713) 960-6000
rmorris@rmgllp.com
jbrush@rmgllp.com
ademmler@rmgllp.com

**COUNSEL FOR BARBERS HILL
INDEPENDENT SCHOOL DISTRICT**

Tel: (202) 682-1300
Fax: (202) 682-1312
mturnageyoung@naacpldf.org
mreed@naacpldf.org

*Admitted Pro Hac Vice*
**PRO BONO COUNSEL FOR PLAINTIFFS**