January 4, 2022

**VIA ELECTRONIC FILING**

Honorable United States District Judge George C. Hanks, Jr.
United States Courthouse
Southern District of Texas
515 Rusk Street, Room 6202
Houston, Texas 77002

    Re: *Arnold, et al. v. Barbers Hill Independent School District*, No. 4:20-CV-1802

Dear Judge Hanks:

We write pursuant a dispute concerning Plaintiffs' request to depose more than ten witnesses. On August 4, 2021, counsel for Plaintiffs sent a list of 23 proposed deponents to counsel for BHISD and asked them to advise as to available dates for their depositions. On August 25, counsel for Plaintiffs followed up with counsel for BHISD seeking deposition dates for the 23 proposed deponents previously listed. On August 27, 2021, counsel for BHISD emailed Plaintiffs' counsel declining Plaintiffs' request to exceed the ten-deposition limit. The parties remain in disagreement.

### *Plaintiffs' Position*

Plaintiffs seek to enlarge the presumptive ten-deposition limit set forth in Federal Rule of Civil Procedure 30(a) and to depose a total of 21 fact witnesses, exclusive of expert witnesses and 30(b)(6) designees. Rule 26(b)(2) governs the Court's determination on whether to grant leave to enlarge this presumptive limit upon a particularized showing of need. *See, e.g.*, *Barrow v. Greenville Indep. Sch. Dist.*, 202F.R.D. 480, 482 (N.D. Tex. 2001). The fact witnesses Plaintiffs seek to depose include: (a) all seven BHISD Board members who received recommendations regarding, and voted to modify, the BHISD Hair Policy (the "Policy"), including voting to confirm anomalous mid-year changes to the Policy, and who adjudicated and disposed of De'Andre's and K.B.'s Level 3 grievances; (b) three BHISD administrators who recommended modifications to the Policy to the BHISD Board, were involved in grievance or exemption applications made by Plaintiffs, and made statements regarding the policy and/or Plaintiffs and their complaints; (c) six Barbers Hill High School ("BHHS") administrators who enforced the Policy and made negative or gendered statements about De'Andre's and K.B.'s hair;[1] (d) two Leadership Support Center

---

[1] The District argues that depositions of BHHS administrators are unnecessary because "Plaintiffs have already deposed several of the high school administrators regarding their discipline techniques and practice regarding the Hair Policy." But Plaintiffs depositions were limited to clarifying an evidentiary dispute related to discipline records produced by the District during the July 2020 hearing on K.B.'s motion for a preliminary injunction. In no way did Plaintiffs' limited depositions of a few BHHS faculty regarding a small set of discipline data preclude Plaintiffs from taking future depositions on a broader range of relevant topics.

staff members, including the Director of Community Relations, who has made public statements on behalf of BHISD justifying the Policy, and the BHISD employee who authored the District-commissioned study concerning the purported relationship between Texas school grooming codes and violence, which BHISD publicly cited to support the Policy; (e) at least two of the sixteen members of the Parent Advisory Dress Code Committee ("PADC"), which recently recommended that BHISD retain the Policy;[2] and (f) BHISD's former outside counsel regarding alleged recommendations made by the Department of Justice regarding the Policy. Plaintiffs also seek to depose all three of Defendant's expert witnesses.[3]

These witnesses—all current or former employees, agents, or experts of BHISD who are under no obligation to provide Plaintiffs with information informally—possess information that is necessary for the prosecution of Plaintiffs' fact-intensive sex and race discrimination and First Amendment claims. The testimony sought would not be duplicative of prior deposition testimony that is unique to their specific role or relationship with one or more of the Plaintiffs or BHISD (and not generalized affiliation with BHISD, as BHISD suggests), and that cannot be procured from any other sources that is more convenient, less burdensome, or less expensive.

## *The District's Position*

Rule 30(a) of the Federal Rules of Civil Procedure "is intended to control discovery, with its attendant costs and potential for delay, by establishing a default limit on the number of depositions." *See Borrow v. Greenville Indep. Sch. Dist.*, 202 FRD 480, 483 (N.D. Tex. 2001). "Because the Rule 30 limit on depositions was intended to curb abusive discovery practices, it stands to reason that a party wishing to conduct more than 10 depositions has the burden of persuading the court that these additional depositions are necessary." *Mullenix v. Univ. of Tex. at Austin*, 2021 WL 3474008, at *1 (W.D. Tex. Aug. 6, 2021) (internal quotations omitted). "A district court has the discretion (and perhaps the obligation) to deny leave to take additional depositions when no good reason to do so has been presented." *Id*.

Plaintiffs' request for leave to exceed the 10-deposition limit prescribed by Rule 30(a) – by an *additional* 15 depositions – is unduly burdensome, harassing, and not proportional to the needs of this case. In a conclusory manner, Plaintiffs assert the identified witnesses "possess information that is necessary, unique and cannot be procured from other sources." This is insufficient to justify a request to take 25 depositions, particularly considering this case primarily concerns an issue of law versus fact – i.e., whether the District's policy comports with the Constitution and Title IX. *See Borrow,* 202 FRD at 484 (denying plaintiff's request to exceed deposition limit for failing to show necessity and asserting in a purely conclusory fashion that each

---

[2] Plaintiffs have subpoenaed documents from some of the PADC members and reserve the right to seek a further enlargement of the presumptive ten-deposition limit if warranted.

[3] To date, Defendant's experts Fossey and Deere are slated to be deposed. Plaintiffs also seek the deposition of Ms. Lamar, Defendant's loctician expert.

2

deponent was material to her claims). Moreover, Plaintiffs' disparate treatment claims are largely governed by statistical evidence that is the province of the Parties' respective experts and that reduces the need for depositions. Further, Plaintiffs have already deposed several of the high school administrators regarding their discipline techniques and practice regarding the Hair Policy, as allowed by the Court during the course of the second preliminary injunction hearing.

Plaintiffs' desire to depose three unidentified *middle school* administrators is completely irrelevant to the claims brought, which relate solely to the alleged discrimination and discipline K.B. and De'Andre Arnold experienced while attending Barbers Hill *High School*. Similarly, Plaintiffs' desire to depose the Band Director simply because he has nondescript knowledge of K.B. during high school, or Leadership Center staff members because they support the District's Board policies (which is expected of every employee of the District), does not establish the necessity of exceeding the 10-deposition limit. Additionally, Plaintiffs wrongly assert the members of the Parent Advisory Dress Committee (PADC) are within the District's control. This was explained to Plaintiffs in the August 27, 2021, correspondence rejecting Plaintiffs' request to exceed 10 depositions. Moreover, Plaintiffs fail to explain why it is necessary to depose all seven of the District's Board members who voted to implement the Hair Policy and how the testimony adduced would not be cumulative or duplicative. *See Mullenix*, 2021 WL 3474008 at *3 (finding plaintiff did not meet her burden to demonstrate the necessity of deposing eight different members of a Budget Committee).

Sincerely yours,

*Mahogane D. Reed*

Mahogane D. Reed
Counsel for Plaintiffs

*Jonathan G. Brush*

Jonathan G. Brush
Counsel for Barbers Hill ISD