Akin Gump Strauss Hauer & Feld LLP
1111 Louisiana Street
44th Floor
Houston, TX 77002

T  +1 713.220.5800
F  +1 713.236.0822
akingump.com



Roxanne Tizravesh
+1 713.250.2249/fax: +1 713.236.0822
rtizravesh@akingump.com

May 10, 2023

VIA ELECTRONIC COURT FILING

Honorable Judge George C. Hanks, Jr.
United States District Judge
515 Rusk St., Room 6202
Houston, TX 77002

> Re: Case No. 4:20-cv-01802; *Everett De'Andre Arnold, et al. v. Barbers Hill ISD*; In the United States District Court for the Southern District of Texas, Houston Division - Joint Letter Regarding Procedures for Upcoming Depositions and Legislative Privilege

Dear Judge Hanks:

We write regarding a dispute over the procedures to govern potential legislative privilege issues in Plaintiffs' upcoming depositions of BHISD Board Member Fred Skinner and Superintendent Dr. Greg Poole. At a May 8, 2023 discovery hearing, the Court instructed the parties to submit a proposed order outlining a procedure for the depositions and assertions of legislative privilege tracking the deposition procedure set forth in *League of United Latin Am. Citizens v. Abbott*, No. 21-CV-259, 2022 WL 1570858 (W.D. Tex. May 18, 2022). Plaintiffs and Defendant shared proposed orders and have reached an impasse on material differences in the procedure that should govern. Provided below for the Court's consideration are the Parties' respective arguments regarding the procedures for the depositions and assertions of legislative privilege.

### *Plaintiffs' Position*

Plaintiffs believe that the Court's instructions during the May 8, 2023 discovery hearing were clear: submit a proposed order "tracking the deposition procedure set forth in *League of United Latin Am. Citizens v. Abbott*, No. 21-CV-259, 2022 WL 1570858." *See* Hrg. Mins. Dated May 8, 2023, Dkt. No. 270. The procedure set forth in the case states:



Honorable Judge George C. Hanks, Jr.
May 10, 2023
Page 2

> (1) Parties should proceed with depositions and the deponents must appear and testify even if it appears likely that legislative privilege may be invoked in response to certain questions.
>
> (2) Deponents may invoke legislative privilege in response to particular questions, *but the deponent invoking the privilege must then answer the question in full.* The response will be subject to the privilege.
>
> (3) The portions of deposition transcripts containing questions and answers subject to the privilege shall be deemed to contain confidential information and shall therefore be subject to the "Consent Confidentiality and Protective Order"(Dkt. 202) previously entered in this case.
>
> (4) If a party wishes to use any portion of deposition testimony that is subject to legislative privilege, that party must seal those portions and submit them to the Court for in camera review, along with a motion to compel.
>
> (5) Any such motion to compel shall be filed by August 1, 2022. Though the Court sets this deadline, it encourages the parties to file earlier, if at all possible.

*League of United Latin Am. Citizens v. Abbott*, 2022 WL 1570858, at *2 (emphasis added). Plaintiffs' proposed order sets forth these instructions verbatim, and only diverges from the language provided in *League of United Latin Am. Citizens* in order to clarify the governing protective order and the deadline to submit motions to compel.  Defendant's proposed order is materially different than the instructions set forth in *League of United Latin Am. Citizens*. Defendant's proposal rejects the requirement that deponents must be instructed to answer the question in full, requiring Plaintiffs to incur the time and expense of holding a deposition while refraining from asking the bulk of their questions (which Defendant claims implicate legislative privilege), then submit a motion to compel testimony with a



Honorable Judge George C. Hanks, Jr.
May 10, 2023
Page 3

list of unanswered questions for the Court to review, thereby requiring Plaintiffs to hold yet another deposition to ask the unanswered questions.[1]

      Plaintiffs believe that Defendant's order is contrary to the Court's clear instructions as it does not track the deposition procedures set forth in *League of United Latin Am. Citizens v. Abbott*.  Legislative privilege "must be strictly construed and accepted only to the very limited extent that permitting a refusal to testify or excluding relevant evidence has a public good transcending the normally predominant principle of utilizing all rational means for ascertaining the truth." *Jefferson Cmty. Health Care Ctrs. Inc. v. Jefferson Par. Gov't*, 849 F.3d 615, 624 (5th Cir. 2017) (quoting *Perez v. Perry*, No. 11-CV-360, 2014 WL 106927, at *1 (W.D. Tex. Jan. 8, 2014).  Pursuant to Defendant's proposed order, opposing counsel may over utilize legislative privilege objections in order to obstruct the strict construction of the privilege and evade their discovery obligations. Plaintiffs understand that the Court is not positioned to rule on what information may be the subject of legislative privilege because determining whether the privilege applies is a fact and content specific inquiry.  *See League of United Latin Am. Citizens*, 2022 WL 1570858, at *1–2.  However, Plaintiffs believe that the Court's guidance and the instructions set forth in *League of United Latin Am. Citizens*, serve to expedite this process as efficiently as possible.  Defendant's proposed order will unnecessarily extend the discovery process.  Discovery is expected to close on June 15, 2023 and these depositions have yet to be finalized.  If Plaintiffs are required to conduct a first round of depositions, submit a list of unanswered questions to the Court, and then receive approval from the Court before conducting a second round of depositions to garner testimony related to previously unanswered questions, discovery will undoubtedly proceed beyond the expected discovery deadline, squander valuable resources, and inconvenience all parties and the witnesses.  Therefore, Plaintiffs request that the Court adopt Plaintiffs' Proposed Order to govern upcoming depositions, attached as exhibit A.

---

[1] Defendant's Proposed Order is, in effect, an improper attempt to seek reconsideration of the Court's instructions on this issue.  A proposed order on the Court's instructions is not the appropriate format to seek reconsideration.  If Defendant wishes the Court to reconsider its decision, then Defendant should file the appropriate motion, not muddy an otherwise straightforward task of complying with the Court's instructions.



Honorable Judge George C. Hanks, Jr.
May 10, 2023
Page 4

### *BHISD's Position*

Under the doctrine of legislative immunity, federal, state, and regional legislators are entitled to invoke a testimonial privilege. *See Bogan v. Scott-Harris*, 523 U.S. 44, 48–50 (1998); *see also Hernandez v. City of Lafayette*, 643 F.2d 1188, 1193 (5th Cir. 1981). This protection extends to any individual "performing legislative acts, regardless of the title of their positions, and regardless of whether they were elected or appointed." *Bannum, Inc. v. City of Beaumont, Tex*., 236 F. Supp. 2d 633, 635 (E.D. Tex. 2002) (citing *Calhoun v. St. Bernard Parish*, 937 F.2d 172, 174 (5th Cir.1991)); *see also Marrero v. City of Hialeah,* 625 F.2d 499, 508 (5th Cir.1980) ("[I]t is the official function that determines the degree of immunity required, not the status of the acting officer."); *Bryan v. City of Madison, Miss*., 213 F.3d 267, 272 (5th Cir. 2000) ("Legislative immunity protects officials fulfilling legislative functions even if they are not 'legislators.'"). This privilege stems from Article I, Section 6 of the U.S. Constitution, which states:

> The Senators and Representatives . . . shall, in all Cases, except Treason, Felony and Breach of the Peace, be privileged from Arrest during their Attendance at the Session of their respective Houses, and in going to and returning from the same . . . .

U.S. Const., Art. I, § 6. That same clause encompasses the testimonial privilege where it states, "and for any Speech or Debate in either House, [Senators and Representatives] shall not be questioned in any other Place." *Id.* The United States Supreme Court has stated this testimonial privilege was "designed to aid in the effective functioning of government." *Gravel v. U.S.*, 408 U.S. 606, 617 (1972). It does this by barring plaintiffs from deposing local legislators as to certain legislative acts. *See id. at* 616 (holding that a senator could not be required to testify about legislative acts that occurred in a subcommittee meeting); *see also Cunningham v. Chapel Hill, ISD*, 438 F. Supp. 2d 718, 722 (E.D. Tex. 2006) ("The Supreme Court and several circuit courts have clearly recognized that the doctrine of legislative immunity protects legislative actors from being called to testify about their legislative activities."). The legislative privilege is rooted in the principle of separation of powers and Plaintiffs' proposed order raises Tenth Amendment concerns.

In this case, the main difference between the Parties is whether the deponent should be required to answer any questions, even after legislative privilege is invoked. Although



Honorable Judge George C. Hanks, Jr.
May 10, 2023
Page 5

the procedure laid out by the court in *League of United Latin American Citizens v. Abbott*, 2022 WL 1570858 (W.D. Tex. May 18, 2022), did require a deponent to answer any question "in full," even over objection, the District respectfully disagrees with this approach. Even though the court in *Abbott* appears to have carefully crafted a procedure to try and protect privileged testimony (including, marking any testimony as confidential, requiring an *in camera* review prior to any use of such testimony, and warning the parties that disclosure of such testimony will result in sanctions), this is insufficient. Requiring a deponent to answer a question, even after the privilege is invoked, is tantamount to forcing the deponent to waive their individual legislative privilege. It is of no consequence if the testimony is immediately deemed confidential and all people present in the room are sworn to secrecy by the threat of sanctions – the testimony is still heard. And even if the Court requires a motion to compel to be filed and an *in camera* review conducted prior to the disclosure or use of any confidential testimony, this does not prohibit opposing counsel from strategically using the information in other respects, or other people present from disclosing the testimony intentionally or by mistake.

As such, the District believes the more appropriate procedure is what is laid out in its proposed order. During the depositions of Mr. Skinner and Dr. Poole, the District's counsel will object to any question that invades legislative privilege and Mr. Skinner and Dr. Poole should decide to answer or not. Following any of the depositions, if Plaintiffs wish to compel a response to a question for which the deponent asserted privilege, they can file a list of those questions with a motion to compel. The Court can then decide on whether the specific question invades the privilege or not and grant or deny the motion to compel accordingly. This proposed procedure will ensure the privilege is protected and the Court still has sufficient information to make a ruling. Although Plaintiffs contend that the District's proposed procedure will somehow "squander valuable resources" and "inconvenience all parties and the witnesses," the District's proposal is the only proposal that appropriately honors the witnesses' legislative privilege.

*Abbott* is not binding on this Court. And there are multiple pending appeals in the Fifth Circuit and scheduling issues prohibiting that case from moving forward and reaching an ultimate resolution. More importantly, the procedure laid out by the court in *Abbott* destroys the legislative privilege by forcing a deponent to waive their privilege and provide deposition testimony. For these reasons, the District requests the Court enter its proposed order regarding the appropriate procedure for depositions that may implicate legislative privilege, attached as Exhibit B.



Honorable Judge George C. Hanks, Jr.
May 10, 2023
Page 6

/s/ -  Roxanne Tizravesh
By permission - Amy Demmler
_____
Stephen Baldini*
Evan Frohman*
AKIN GUMP STRAUSS
HAUER & FELD LLP
One Bryant Park
Bank of America Tower
New York, NY 10036
Tel: (212) 872-1062
Fax: (212) 872-1002
sbaldini@akingump.com
efrohman@akingump.com

Roxanne Tizravesh
Texas Bar No. 24091141
Fed. I.D. No. 2618739
Nicholas E. Petree (attorney-in-charge)
Texas Bar No. 24083657
Fed. I.D. No. 1778181
Alyx Eva
Texas Bar No. 24116334
Fed. I.D. No. 3544812
R. Conor Tomalty
Texas Bar No. 24121170
Fed. I.D. No. 3623592
AKIN GUMP STRAUSS
HAUER & FELD LLP
1111 Louisiana Street, Ste. 44
Houston, Texas 77002
Tel: (713) 220-5800
Fax: (713) 236-0822
rtizravesh@akingump.com

/s/ - Richard A. Morris
_____
Richard A. Morris
State Bar No. 14497750
Fed. I.D. 2780689
Jonathan G. Brush
State Bar No. 24045576
Fed. I.D. No. 619970
Amy Demmler
State Bar No. 24092337
Fed. I.D. No. 3227731
ROGERS, MORRIS & GROVER, L.L.P.
5718 Westheimer, Suite 1200
Houston, Texas 77057
Tel: (713) 960-6000
rmorris@rmgllp.com
jbrush@rmgllp.com
ademmler@rmgllp.com

**COUNSEL FOR BARBERS HILL INDEPENDENT SCHOOL DISTRICT**



Honorable Judge George C. Hanks, Jr.
May 10, 2023
Page 7

npetree@akingump.com
aeva@akingump.com
ctomalty@akingump.com

Janai S. Nelson*
Ashley Burrell*
Patricia Okonta*
NAACP LEGAL DEFENSE AND
EDUCATIONAL FUND, INC.
40 Rector Street, 5th Floor
New York, New York 10006
Tel: (212) 965-2200
Fax: (212) 226-7592
jnelson@naacpldf.org
aburrell@naacpldf.org
pokonya@naacpldf.org

Michaele N. Turnage Young*
Joseph Wong*
Victor Jones*
NAACP LEGAL DEFENSE AND
EDUCATIONAL FUND, INC
700 14th Street N.W., Ste. 600
Washington, D.C. 20005
Tel: (202) 682-1300
Fax: (202) 682-1312
mturnageyoung@naacpldf.org
jwong@naacpldf.org
vjones@naacpldf.org

*Admitted Pro Hac Vice

**PRO BONO COUNSEL FOR PLAINTIFFS**