United States District Court
Southern District of Texas
**ENTERED**
June 01, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EVERETT DE'ANDRE ARNOLD, KADEN BRADFORD, and SANDY ARNOLD, | § § § § | |
| Plaintiffs, | § § | |
| vs. | § § | C.A. NO.: 4:20-CV-01802 |
| BARBERS HILL INDEPENDENT SCHOOL DISTRICT, | § § § § | JURY TRIAL REQUESTED |
| Defendant. | § § | |

## ORDER

Pending before the Court is Barbers Hill Independent School District's Motion for Protection of the Board's Legislative Immunity (*see* Mot. for Prot., Dkt. No. 265) and Plaintiffs' Response in Opposition to Defendant's Motion for Protection of the Board's Legislative Immunity (*see* Pls.' Resp. to Mot. for Prot., Dkt. No. 266). Upon consideration of the Parties' briefing, the Court concludes that issues of state legislative privilege are not yet ripe for decision and outlines procedures for the depositions and assertions of legislative privilege consistent with reasoning discussed in *League of United Latin Am. Citizens v. Abbott*, No. 21-CV-259, 2022 WL 1570858, at *1 (W.D. Tex. May 18, 2022). Therefore, it is the opinion of this Court that the Motion should be GRANTED in part and DENIED in part.

At this juncture, the Court is not positioned to rule on what information may be the subject of legislative privilege, as determining whether the privilege applies is a fact and

content specific inquiry. *See League of United Latin Am. Citizens*, 2022 WL 1570858, at *1–2. "The Court is persuaded that there are likely to be relevant areas of inquiry that fall outside of topics potentially covered by [] legislative privilege." *Id.* at *2. Moreover, the Court will be better positioned to make decisions on the application of the privilege when "presented with specific questions and specific invocations of [] legislative privilege." *Id.* at *3. Therefore, "[t]here is no reason, at this time, . . . to issue a protective order placing limits on the subject matter [of upcoming depositions]." *Id.* at *2. Accordingly, the Court adopts the following procedure, as set forth in the three-court panel in *League of United Latin Am. Citizens v. Abbott*:

(1) Parties should proceed with depositions and the deponents must appear and testify even if it appears likely that legislative privilege may be invoked in response to certain questions.

(2) Deponents may invoke legislative privilege in response to particular questions, but the deponent invoking the privilege must then answer the question in full. The response will be subject to the privilege.

(3) The portions of deposition transcripts containing questions and answers subject to the privilege shall be deemed CONFIDENTIAL as defined in Parties previously filed "Amended Protective Order" (*See* Dkt. No. 159-1).

(4) If a party wishes to use any portion of deposition testimony that is subject to legislative privilege, that party must seal those portions and submit them to the Court for in camera review, along with a motion to compel.

(5) Any such motion to compel shall be filed within 14 days of the deposition. The response will be due within 7 days after the motion is filed. Any reply will be due 7 days after the response is filed.

*See* 2022 WL 1570858 at *2–3.  Nothing in this order shall be construed as deciding any issue of legislative privilege.

Signed this  1st  day of _____June_____, 2023.

_____
JUDGE PRESIDING