

Advancing racial justice since 1940

June 23, 2023

Honorable George C. Hanks, Jr.
United States District Court
Southern District of Texas
515 Rusk Street, Room 6202
Houston, Texas 77002

Re:   *Arnold v. Barbers Hill Independent School District*, No. 4:20-cv-01802

Dear Judge Hanks,

In compliance with Section 6.E. of this Court's procedures, the parties submit this pre-motion letter concerning Plaintiffs' anticipated motion to compel the depositions of BHISD Board of Trustees member Fred Skinner, BHISD's 30(b)(6) witness, and BHISD Superintendent Dr. Greg Poole. The parties and the Court have discussed and corresponded about BHISD's objections – on the basis of legislative immunity – to these depositions multiple times over the past few months.

**Plaintiffs' Position**

On June 20, 2023, just 17 business days before the July 14, 2023 close of discovery, BHISD's counsel informed Plaintiffs' Counsel: "we will not be presenting Dr. Poole, individually or as the 30(b)(6) representative, or Mr. Skinner until after the legislative privilege issue is adjudicated to conclusion." BHISD's refusal to present these witnesses prejudices Plaintiffs' ability to present their case. Plaintiffs intend to move to compel these depositions,[1] since, notwithstanding BHISD's June 20, 2023 opposed motion for a stay in the Fifth Circuit, this Court's order requires that the depositions proceed in accordance with the procedures it set forth regarding legislative privilege, *see* ECF No. 282; *see also* ECF No. 296 (denying BHISD's oral motion for a stay).[2]

As this Court may recall, BHISD moved for a protective order that would bar Plaintiffs from asking deposition questions that may elicit testimony that BHISD believes is covered by "legislative immunity." *See* ECF No. 265. In so moving, BHISD furthered its attempt to use testimonial privileges as both a sword and a shield – claiming that their revisions to the challenged policy were motivated by the U.S. Department of Justice, not by racial discrimination, while at the same time attempting to bar Plaintiffs from inquiring into BHISD's motives. This Court resolved BHISD's motion on June 1, 2023 by setting forth a procedure

---

[1] Plaintiffs never withdrew their Deposition Notices for Poole, Skinner, and BHISD's 30(b)(6) witness; rather, Plaintiffs agreed to reschedule the depositions. Indeed, it was Plaintiffs' latest email requesting the deponents' availability that yielded BHISD's statement that they would not present these witnesses until the appeal is resolved.

[2] BHISD's jurisdictional arguments are a red herring. There is no stay in place relieving BHISD of its obligation to abide by applicable orders.

40 Rector Street
5th Floor
New York, NY 10006

700 14th Street NW
Suite 600
Washington, DC 20005

naacpldf.org
212-965-2200

for proceeding with the depositions. *See* ECF No. 282. BHISD appealed that order. *See* ECF No. 285. After this Court denied BHISD's oral motion for a stay, *see* ECF No. 296, BHISD filed an opposed motion for a stay in the Fifth Circuit on June 20, 2023. *See* COA ECF No. 31.

This Court's June 1, 2023 order setting forth a procedure for navigating depositions that involve testimony potentially covered by legislative privilege is almost identical to an order that the Fifth Circuit called "carefully crafted," "admirably prudent, cautious, vigilant, and narrow*." League of United Latin Am. Citizens v. Abbott* ("*LULAC II*"), No. 22-50407, 2022 WL 2713263, at *2 (5th Cir. May 20, 2022) (discussing an order entered by a three-judge court in *League of United Latin Am. Citizens v. Abbott* ("*LULAC*"), No. EP-21-CV-259-DCG-JES-JVB, 2022 WL 1570858 (W.D. Tex. May 18, 2022)). Both the Fifth Circuit and the Supreme Court denied a motion to stay the proceedings below in *LULAC*, allowing the depositions in that case to proceed in accordance with the challenged order. *See LULAC II*, 2022 WL 2713263, at *2 and *Guillen v. LULAC*, 142 S. Ct. 2773 (2022) (Mem.). Indeed, "the privilege must not be used as a cudgel to prevent the discovery of non-privileged information." *Id*. at *2.

Lastly, the authority on which BHISD relies is distinguishable. *Compare La Union Del Pueblo Entero v. Abbott*, 68 F.4th 228 (5th Cir. 2023) (involving an order that non-party state legislators produce documents allegedly covered by legislative privilege), *with LULAC II*, 2022 WL 2713263 (involving an order that specifically declines to decide whether any testimony is covered by legislative privilege), *and* ECF No. 282 (same). Instead, *LULAC II* governs. *See Ortega Garcia v. United States*, 986 F.3d 513, 532 (5th Cir. 2021) ("Under our rule of orderliness, we may not overrule a prior panel decision absent an intervening change in the law, such as a statutory amendment or a decision from either the Supreme Court or our en banc court." (citation omitted)).

**Defendant's Position**

Plaintiffs' arguments in support of their threatened motion wholly fail to address the threshold issue of whether this court has jurisdiction to compel the aforementioned depositions. Controlling United States Supreme Court authority makes plain this court has been divested of jurisdiction over all aspects of the issue of whether BHISD officials can be deposed about matters protected by legislative privilege. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."); *see also Jackson Muni. Airport Auth. v. Harkins*, 67 F.4th 678 (5th. Cir. 2023). Ignoring this controlling authority, Plaintiffs ask this court to compel BHISD officials to sit for depositions subject to an order that requires them to divulge privileged information. Of course, compliance with such order would moot the issue now before the court of appeals. The court should decline plaintiff's invitation to exercise jurisdiction in a manner calculated to interfere with the 5th Circuit's jurisdiction.

40 Rector Street
5th Floor
New York, NY 10006

700 14th Street NW
Suite 600
Washington, DC 20005

naacpldf.org
212-965-2200

Plaintiffs side-step the jurisdictional issue and instead reargue the merits of the legislative privilege issue. They argue in the wrong place. In fact, their arguments serve to illustrate the problem with the court simultaneously exercising jurisdiction of an issue that is now before the court of appeals.

Even if the court should choose to revisit the merits of the legislative privilege issue, Plaintiffs' restated arguments cannot be squared with the 5th Circuit's recognition that "requiring legislators to negotiate protective orders or to suffer contempt proceedings" diminishes the purpose of legislative privilege, which is not to protect against disclosure in general, but to foster the "public good" by protecting lawmakers from "deterrents to the uninhibited discharge of their legislative duty." *La Union Del Pueblo Entero v. Abbott,* No. 22-50435, 2023 WL 3494770 (5th Cir. May 17, 2023) (*quoting Tenney v. Brandhove*, 341 U.S. 367, 377 (1951)).

Plaintiffs rely exclusively on the motions panel's decision in *LULAC*. They fail to recognize the *LULAC* case was in a completely different procedural posture as the plaintiffs in that case had refused to postpone the depositions pending interlocutory review. There was no issue in *LULAC* regarding the trial court's exercise of jurisdiction *after the notice of interlocutory appeal had been filed.* That is not the case here where Plaintiffs withdrew their deposition notices in presumed deference to the 5th Circuit's jurisdiction but now seek to invoke this court's jurisdiction to force the deponents to disclose privileged information.

Plaintiffs additionally fail to recognize the motion panel's decision is not controlling on the merits. As such, it has no precedential value. It is notable that the Honorable Judge Don R. Willett, who authored the opinion reversing the trial court's use of protective order in *LULAC*, was a member of the motions panel. Judge Willett only concurred in the judgment of the motions panel "because he [was] unconvinced that [the court would have] jurisdiction." But as we now know, the merits panel subsequently determined it had jurisdiction to consider the legislative privilege issue and reversed the trial court's order. Equally important, the merits panel's decision to reverse the trial court's order makes clear that the motions panel's determination regarding the likelihood of success on the merits was incorrect.

Finally, there is no urgency in this case that justifies Plaintiffs' coercive efforts to deprive the deponents' respective entitlements to have the legislative privilege resolved on interlocutory appeal. As the court is aware, Plaintiffs have long since graduated.

Respectfully,

40 Rector Street
5th Floor
New York, NY 10006

700 14th Street NW
Suite 600
Washington, DC 20005

naacpldf.org
212-965-2200

| | |
|---|---|
| */s/ Michaele N. Turnage Young* | */s/ Richard A. Morris* |
| Michaele N. Turnage Young* | Richard A. Morris |
| Victor Jones* | State Bar No. 14497750 |
| Joseph Wong* | Fed. I.D. 2780689 |
| NAACP LEGAL DEFENSE AND | Jonathan G. Brush |
| EDUCATIONAL FUND, INC | State Bar No. 24045576 |
| 700 14th Street N.W., Ste. 600 | Fed. I.D. No. 619970 |
| Washington, D.C. 20005 | Amy Demmler |
| Tel: (202) 682-1300 | State Bar No. 24092337 |
| Fax: (202) 682-1312 | Fed. I.D. No. 3227731 |
| mturnageyoung@naacpldf.org | ROGERS, MORRIS & GROVER, L.L.P. |
| vjones@naacpldf.org | 5718 Westheimer, Suite 1200 |
| jwong@naacpldf.org | Houston, Texas 77057 |
| | Tel: (713) 960-6000 |
| Janai S. Nelson* | rmorris@rmgllp.com |
| Ashley Burrell* | jbrush@rmgllp.com |
| Patricia Okonta* | ademmler@rmgllp.com |
| Alexandra S. Thompson* | |
| NAACP LEGAL DEFENSE AND | **COUNSEL FOR BARBERS HILL** |
| EDUCATIONAL FUND, INC. | **INDEPENDENT SCHOOL DISTRICT** |
| 40 Rector Street, 5th Floor | |
| New York, New York 10006 | |
| Tel: (212) 965-2200 | |
| Fax: (212) 226-7592 | |
| jnelson@naacpldf.org | |
| aburrell@naacpldf.org | |
| pokonta@naacpldf.org | |
| athompson@naacpldf.org | |
| | |
| Stephen Baldini* | |
| Evan Frohman* | |
| AKIN GUMP STRAUSS | |
| HAUER & FELD LLP | |
| One Bryant Park | |
| Bank of America Tower | |
| New York, NY 10036 | |
| Tel: (212) 872-1062 | |
| Fax: (212) 872-1002 | |
| sbaldini@akingump.com | |
| efrohman@akingump.com | |

Roxanne Tizravesh
Texas Bar No. 24091141
Fed. I.D. No. 2618739
Nicholas E. Petree (attorney-in-charge)
Texas Bar No. 24083657
Fed. I.D. No. 1778181
R. Conor Tomalty
Texas Bar No. 24121170
Fed. I.D. No. 3623592
Nikunj Soni
Texas Bar No. 24131677
Fed I.D. 3816338
AKIN GUMP STRAUSS
HAUER & FELD LLP
1111 Louisiana Street, Ste. 44
Houston, Texas 77002
Tel: (713) 220-5800
Fax: (713) 236-0822
rtizravesh@akingump.com
npetree@akingump.com
ctomalty@akingump.com
nsoni@akingump.com

Samantha J. Block*
AKIN GUMP STRAUSS
HAUER & FELD LLP
2001 K Street, N.W.
Washington, DC 20006-1037
Tel: (202) 887-4217
Fax: (202) 887-4288
samantha.block@akingump.com

*Admitted Pro Hac Vice

**PRO BONO COUNSEL FOR PLAINTIFFS**

40 Rector Street
5th Floor
New York, NY 10006

700 14th Street NW
Suite 600
Washington, DC 20005

naacpldf.org
212-965-2200