# United States Court of Appeals for the Fifth Circuit

United States Courts
Southern District of Texas
FILED
*December 10, 2025*
Nathan Ochsner, Clerk of Court

No. 23-20256

United States Court of Appeals
Fifth Circuit
**FILED**
November 3, 2025
Lyle W. Cayce
Clerk

EVERETT DE'ANDRE ARNOLD; KADEN BRADFORD; SANDY ARNOLD,

*Plaintiffs—Appellees,*

*versus*

BARBERS HILL INDEPENDENT SCHOOL DISTRICT; BARBERS HILL INDEPENDENT SCHOOL DISTRICT'S BOARD OF TRUSTEES; FRED SKINNER; GREG POOLE,

*Defendants—Appellants.*

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CV-1802

Before HIGGINSON, WILLETT, and ENGELHARDT, *Circuit Judges.*
KURT D. ENGELHARDT, *Circuit Judge*:

Barbers Hill Independent School District ("BHISD") instituted a "Hair Policy" in 2019 restricting the length of male students' hair. Plaintiffs, former students and parents in BHISD, allege the Hair Policy and its enforcement amount to race and sex discrimination and infringe students' freedom of expression. As discovery unfolded, plaintiffs sought to depose Superintendent Greg Poole ("Poole") and former Trustee Board President

No. 23-20256

Fred Skinner ("Skinner").  BHISD, Poole, Skinner, and the Board of Trustees now present an interlocutory appeal concerning legislative privilege.

I.

We draw the following allegations from plaintiffs' Second Amended Complaint.  BHISD maintains a Student Code of Conduct, setting standards for behavior and discipline within the district.  Hair-length restrictions have long existed in the Student Code of Conduct, limiting the ways male students could wear their hair.  Halfway through the 2019–2020 school year, the Board of Trustees amended the hair policy.  The new policy provided:

> Male students' hair will not extend, at any time, below the eyebrows, or below the ear lobes.  Male students' hair must not extend below the top of a t-shirt collar or be gathered or worn in a style that would allow the hair to extend below the top of a t-shirt collar, below the eyebrows, or below the ear lobes when let down.

Notably, plaintiffs allege that the administrators restricted hair length when worn down—regardless of whether the student wears his hair up while at school—and removed express language that previously permitted cornrows or locs that complied with the rest of the policy.  Plaintiffs sued BHISD, alleging the Hair Policy violates the Fourteenth Amendment's Due Process and Equal Protection guarantees, the First Amendment's speech and expression protections, Title VI of the Civil Rights Act of 1964, Title IX of the Education Amendments of 1972, and Texas Civil Practice and Remedies Code § 106.001.

Procedural history illuminates the issues on appeal.  Poole, Skinner, and BHISD's Board of Trustees are designated appellants.  But Poole, Skinner, and the Board of Trustees are not parties under the operative complaint.  During discovery, plaintiffs sought to depose Poole and Skinner.  While BHISD initially consented to the depositions, it maintained that both

2

No. 23-20256

deponents were entitled to legislative privilege over certain inquiries. To that end, BHISD moved for a protective order restricting plaintiffs from asking Poole and Skinner about the Board members' "subjective intentions, motivations, thought processes, and any other information not available to the public concerning the adoption of [BHISD's] male hair length policy."

Appellants appeal just the district court's partial denial of BHISD's motion for protection and the discovery policy it outlined. On the denial front, the district court refrained from deciding any privilege issues. It concluded that it would "be better positioned" to decide whether the privilege applied once presented with specific questions and invocations of the privilege at the depositions. In short, the fact-intensive legislative privilege issues were not yet ripe. But the district court partially granted the motion by establishing a procedure for resolving those privilege-application questions. It adopted an "assert-disclose-review" approach: Deponents would appear for their depositions and testify. If they chose to assert the legislative privilege for a particular question, they still were required to answer the question in full. The parties would then mark those portions of the deposition transcripts as "confidential." If a party wished to use one of those portions later, it could move to compel and file a sealed copy of the transcript excerpt for *in camera* review. The district court credited *League of United Latin American Citizens v. Abbott* (*LULAC I*), No. EP-21-CV-00259, 2022 WL 1570858 (W.D. Tex. May 18, 2022), for the privilege procedure.[1]

---

[1] A motions panel of this court commended the *LULAC I* district court's procedure as "carefully crafted." *League of United Latin Am. Citizens v. Abbott* (*LULAC II*), No. 22-50407, 2022 WL 2713263, at *2 (5th Cir. May 20, 2022) (denying motion to stay pending appeal). The parties discuss *LULAC II* at length, but *LULAC II* is an unpublished motions-panel decision. *See Dick v. Colo. Hous. Enters., L.L.C.*, 872 F.3d 709, 711–12 (5th Cir. 2017) (explaining unpublished opinions are not controlling precedent). To preview, we dismiss this appeal on jurisdictional grounds. So, we cannot decide—at this

3

No. 23-20256

Shortly thereafter, BHISD, the Board of Trustees, Poole, and Skinner appealed. Appellants contend the district court abused its discretion by compelling disclosure of privileged material, eviscerating the privilege. Back in the district court, BHISD moved to stay the depositions pending appeal, which the district court denied. BHISD later refused to produce Poole and Skinner for their depositions. And appellants then moved this court to stay the district court proceedings. Meanwhile, the district court compelled BHISD to produce Poole and Skinner for their depositions and authorized plaintiffs to seek sanctions. BHISD then moved this court for an emergency administrative stay of the district court proceedings, which the court granted as a temporary administrative stay. But the court carried with the case the motion to stay pending appeal.

Appellants ask the court to decide whether the district court abused its discretion by partially denying the motion for protection and ordering legislators to respond by answering questions such that the testimony might possibly invade the legislative privilege. Legislative privilege is held by the legislator. *La Union del Pueblo Entero v. Abbott* (*LUPE*), 93 F.4th 310, 321 (5th Cir. 2024). Here, the privilege holders have not yet invoked the privilege or otherwise participated in the proceedings. As explained below, prudential standing considerations deprive the court of jurisdiction over this appeal.

II.

Plaintiffs-Appellees challenged appellate jurisdiction, invoking the collateral order doctrine and (albeit briefly) Poole's and Skinner's failure to individually assert the legislative privilege. Although plaintiffs' argument on the latter point is brief, it generates prudential standing concerns that the

---

juncture—whether the district court's compulsive "assert-disclose-review" approach merely toes the legislative-privilege line or crosses it.

4

No. 23-20256

court addresses *sua sponte*. *See Nat'l Solid Waste Mgmt. Ass'n v. Pine Belt Reg'l Solid Waste Mgmt.*, 389 F.3d 491, 498 (5th Cir. 2004) ("Although defendants have not explicitly raised the issue of [constitutional or prudential] standing, we may consider it *sua sponte*."). Even if the district court's order fits within a category of orders that are immediately appealable as collateral orders, we lack jurisdiction anyway: BHISD, the non-party legislators Poole and Skinner, and the non-party Board of Trustees do not have appellate standing.

## A.

"The legislative privilege is personal to the legislator." *LUPE*, 93 F.4th at 321 (citing *Gravel v. United States*, 408 U.S. 606, 616 (1972)); *see id.* at 321–22 (recognizing legislators, aides, assistants, and third parties performing legislative acts can invoke the privilege). Multiple district courts have concluded, following that rationale, that the government entity or legislative body itself cannot invoke the legislative privilege on an individual legislator's behalf. *See, e.g., Perez*, 2014 WL 106927, at *1; *A Helping Hand, LLC v. Baltimore Cnty.*, 295 F. Supp. 2d 585, 590 (D. Md. 2003); *ACORN (N.Y. Ass'n of Cmty. Orgs. For Reform Now) v. Cnty. of Nassau*, No. CV 05-2301, 2007 WL 2815810, at *4 (E.D.N.Y. Sept. 25, 2007). Our court has not directly answered whether a government entity can invoke the legislative privilege on behalf of individual legislators. It likewise has not addressed who has standing to appeal an order relating to the privilege in such a case. But our circuit's appellate standing precedents, alongside the Eleventh Circuit's recent approach in nearly identical circumstances, provide apt guidance.

Start with a primer on appellate standing. "It is a central tenet of appellate jurisdiction that a party who is not aggrieved by a judgment of the district court has no standing to appeal it." *United States v. Fletcher ex rel. Fletcher*, 805 F.3d 596, 602 (5th Cir. 2015) (quoting *Ward v. Santa Fe Indep.*

No. 23-20256

*Sch. Dist.*, 393 F.3d 599, 603 (5th Cir. 2004)).  Relevant here, "a party generally may not appeal a district court's order to champion the rights of another." *Rohm & Hass Tex., Inc. v. Ortiz Bros. Insulation, Inc.*, 32 F.3d 205, 208 (5th Cir. 1994); *Odneal v. Pierce*, 324 F. App'x 297, 302 (5th Cir. 2009) ("An indirect stake in the claims of another party is not sufficient to create standing on appeal."); *In re Deepwater Horizon*, 857 F.3d 246, 252–53 (5th Cir. 2017) (recognizing that prudential standing allows appellant to protect only its own interests, unless appellant's and third party's interests coincide and a genuine obstacle prevents third party from protecting his own interests).  This third-party standing rule derives from prudential limitations to our jurisdiction, not constitutional ones. *See In re Deepwater Horizon*, 857 F.3d at 252.  Applying a similar third-party standing concept, the Eleventh Circuit has held that a government entity has no standing to appeal an order denying an individual immunity, even if the government entity moved to protect that immunity. *See Kimberly Regenesis, LLC v. Lee Cnty.*, 64 F.4th 1253, 1260 (11th Cir. 2023).

Next, consider our circuit's non-party standing framework—also implicating prudential, not constitutional, standing limits.  *Castillo v. Cameron Cnty.*, 238 F.3d 339, 349 n.16 (5th Cir. 2001).  Ordinarily, "only parties to a lawsuit, or those that properly become parties," may appeal. *Lewis v. Crochet*, 105 F.4th 272, 281 (5th Cir. 2024) (quoting *Marino v. Ortiz*, 484 U.S. 301, 304 (1988) (per curiam)).  But a non-party "may be allowed to appeal" an order that "affects his interests." *Castillo*, 238 F.3d at 349.  To determine whether a non-party fits that bill, our circuit assesses "(1) 'whether the nonpart[y] actually participated in the proceedings below,' (2) whether 'the equities weigh in favor of hearing the appeal,' and (3) whether 'the nonpart[y] ha[s] a personal stake in the outcome.'" *LUPE*, 93 F.4th at 315 (quoting *Castillo*, 238 F.3d at 349); *In re Lease Oil Antitrust Litig.*, 570 F.3d 244, 249 (5th Cir. 2009) (explaining non-parties "are generally not

6

No. 23-20256

permitted to appeal a ruling in which they did not participate").[2]  When review is sought "after a party is dismissed from the underlying suit, that party is often allowed to appeal," but only if the order "affects its interests" under the three-part test. *Lewis*, 105 F.4th at 281 (quotation cleaned up).

In *LUPE*, both party and non-party appellants sought review of a district court's order concluding several documents were not protected by legislative privilege.  93 F.4th at 314; *see also id.* at 315 (describing ruling ordering non-legislators to submit to depositions and produce non-privileged documents).  The court assessed three jurisdictional issues:  (1) whether the state legislators had standing to appeal as non-parties;  (2) whether the discovery order was subject to interlocutory review; and (3) whether the issue was moot. *Id.* at 315–20.  Only *LUPE*'s non-party standing analysis informs the current case.  The *LUPE* opinion explained all three *Castillo* elements favored non-party standing.  The legislators had "participated adequately" at the district court because they had asserted their legislative privileges in response to third-party subpoenas seeking the same documents at issue in the appeal, and filed briefs and attended hearings about the legislative privilege. *Id.* at 315–16; *see also United States v. Fluitt*, 99 F.4th 753, 762 (5th Cir. 2024) (concluding third parties "participated in the discovery dispute" by asserting privilege, opposing motion to compel, and appealing magistrate judge's order

---

[2] Our circuit has never squarely decided whether the non-party standing test identifies required elements or weighted factors. Some of our cases describe the test in the conjunctive—often concluding the appellant has satisfied all three elements.  *See, e.g., Castillo*, 238 F.3d at 349–50.  Elsewhere, our circuit has described—albeit in dicta—non-party standing's "vague balancing test." *In re Lease Oil Antitrust Litig.*, 570 F.3d at 249. We now clarify that the non-party standing test requires appellant to satisfy all three elements.  As implied in *In re Lease Oil*, a balancing test would invite heightened subjectivity, and uncertainty, to non-party prudential standing. *See id.* (suggesting moving to intervene is a "much more certain way of proceeding" than relying on the non-party standing balancing test).  Such an approach could lead to inconsistent outcomes and conflicts with precedent describing the test in the conjunctive.

to district judge). The equities weighed in favor of non-party standing because the district court had ordered production of potentially privileged documents and the legislators had "no other mechanism to vindicate their potentially meritorious claims of legislative privilege." *LUPE*, 93 F.4th at 316. And the public interest in preserving the privilege was a "high-order value." *Id.* at 317. What's more, the legislators had a personal stake in the outcome—they created or reviewed the documents while performing their legislative activities. *Id.* at 318. So, the non-party legislators had standing to appeal the denial of the privilege.

The Eleventh Circuit recently combined these two standing concepts, dismissing a legislative-privilege-based appeal for lack of jurisdiction. In the unpublished *Pen American Center, Inc. v. Escambia County School District*, the Eleventh Circuit rejected a school board's attempt to assert legislative privilege on behalf of its members. No. 24-13896, 2025 WL 1937264, at *1 (11th Cir. July 15, 2025) (per curiam). There, plaintiffs sought to depose individual board members, seeking information about their motives in removing certain books from schools. *Id.* at *2. The school board moved for a protective order, asserting legislative privilege. *Id.* The Eleventh Circuit dismissed the appeal. *Id.* at *1. The school board (a party) "lack[ed] standing to assert the legislative privilege of its members, who each individually possess[ed] the privilege." *Id.* at *4. And the appealing school board members (non-parties) also lacked standing to challenge the denial of the protective order. *Id.* While the board had attached declarations by the board members expressing their intentions to invoke the privilege, the board members had not moved, appeared, or "participate[d] in any other way in the proceedings." *Id.* So, the Eleventh Circuit dismissed the appeal for lack of jurisdiction. *Id.* at *5.

B.

No. 23-20256

Turning to the appeal at issue, BHISD, Poole, Skinner, and the Board of Trustees all appealed. Recall that BHISD filed the motion for protection asserting the legislative privilege. Applying our circuit's third-party and non-party standing limitations, we conclude none of the appellants has standing to challenge the district court's order on appeal. The dispositive circumstance here: no appellant with authority to invoke the privilege has invoked it yet and the non-party legislators have not otherwise participated adequately to confer standing.

1.

Start with BHISD. Although BHISD is a party in the district court, and its motion is the subject of this appeal, BHISD itself does not hold the "personal" legislative privilege. *See LUPE*, 93 F.4th at 321. Because the privilege is personal in nature, many courts have concluded an entity like BHISD cannot assert that privilege on behalf of individual legislators. *Pen Am. Ctr., Inc.*, 2025 WL 1937264, at *4 ("[T]he [asserting entity] lacks standing to assert the legislative privilege of its members, who each individually possess the privilege insofar as they are entitled to it."); *Perez*, 2014 WL 106927, at *1 ("[T]he State of Texas [does not have] standing to assert the legislative privilege on behalf of any legislator . . . that may be deposed. Since no person entitled to assert any privilege has done so, the pending motion [for protective order] is denied as premature."); *Gilby v. Hughs*, 471 F. Supp. 3d 763, 767 (W.D. Tex. 2020) (concluding the secretary of state lacked standing to invoke legislative privilege on behalf of legislators); *A Helping Hand, LLC*, 295 F. Supp. 2d at 590 ("[T]he County Council's motion [for protective order] must be denied because the Council may not assert the privilege on its members' behalf."); *ACORN*, 2007 WL 2815810, at *4 (explaining "it is not up to the Board to assert or waive the privilege; the Board members must do so for themselves," but assuming the privilege was asserted individually (quotation cleaned up)).

The underlying right allegedly infringed by the district court's order belongs to the individual legislators, not BHISD. While BHISD did not receive the relief it sought from its motion, BHISD had no standing to seek that relief on behalf of the legislators in the first place. As a result, we conclude BHISD is not aggrieved by the district court's order and, accordingly, lacks third-party standing to appeal the order for allegedly vitiating the legislative privilege. *See Rohm & Hass Tex., Inc.*, 32 F.3d at 208 ("[A] party generally may not appeal a district court's order to champion the rights of another[.]"); *Kimberly Regenesis, LLC*, 64 F.4th at 1260 (concluding quasi-judicial immunity did not belong to appellant county, so "county was not aggrieved by" and "ha[d] no standing to appeal" order denying county's motion for protection on immunity grounds).

2.

Consider, next, non-party legislators Poole[3] and Skinner. Recall the three non-party standing elements: (1) participation in the district court; (2) equitable considerations favoring appeal; and (3) personal stake in the outcome. *LUPE*, 93 F.4th at 315; *Castillo*, 238 F.3d at 349 (describing the three-part test). Following *LUPE*'s analysis outlined above, assume the equitable-considerations and personal-stake elements support standing. Even if those prongs favor standing, Poole and Skinner have not "participated adequately" at the district court to appeal this particular order. *See LUPE*, 93 F.4th at 316.

To be sure, Poole and Skinner were involved—once upon a time—in the district court proceedings. They were original parties to the action. But,

---

[3] The parties questioned whether Superintendent Poole is entitled to legislative privilege as an executive officer. We need not resolve that question because even if Poole could invoke the privilege here, he lacks standing to appeal the district court's order.

No. 23-20256

as best the court can tell, they were involved in no way after their dismissal, including in the proceedings on the motion for protective order. *But see LUPE*, 93 F.4th at 315–16 (rejecting argument that the participation inquiry turns on just the "exact proceedings giving rise to the order on appeal"). Critically, Poole and Skinner have not yet asserted the privilege for themselves or otherwise objected in the district court. Because they have not yet actually asserted the privilege (or otherwise participated in the two years between their dismissal and BHISD's motion), we conclude Poole and Skinner were not involved adequately enough to have appellate standing on this issue.[4] *See Pen Am. Ctr., Inc.*, 2025 WL 1937264, at *4 (concluding non-party board members themselves lacked standing for failure to participate in district court proceedings beyond affidavits affirming intention to invoke the privilege); *Kimberly Regenesis, LLC*, 64 F.4th at 1262 (dismissing individual commissioner's appeal for failure to participate at district court by moving for protective order, attending hearings on motion, filing briefs, or objecting in any manner to rejection of quasi-judicial immunity); *cf. LUPE*, 93 F.4th at 315–16 (concluding non-party legislators had participated sufficiently for standing by asserting legislative privilege themselves and filing briefs on application of privilege in district court); *Overby*, 224 F.2d at 162 (allowing non-party to appeal order denying claim of privilege and demanding document production where appellant had asserted privilege and claimed a property right in the documents).

3.

Lastly, the Board of Trustees lacks standing under either of the two rationales above. Even if the Board had tried to assert the legislative

---

[4] In finding there is no standing, we also decline to address the other antecedent issue of waiver. The parties have raised this issue extensively, however it has not been decided by the district court and is unnecessary to reach for the purposes of this decision.

No. 23-20256

privilege, it (like BHISD) is unable to assert the legislative privilege on behalf of the individual legislators. *Pen Am. Ctr., Inc.*, 2025 WL 1937264, at *5 ("[T]he legislative privilege asserted belongs to the Board members not the Board . . . ."). And the non-party Board has not participated adequately in the proceedings below to confer standing, even if the privilege were properly invoked. The Board did not file an amicus brief about these issues— or its interest in preserving the privilege—in the district court. It did not appear at any of the hearings surrounding the legislative privilege. And it was dismissed as a party when plaintiffs filed their Second Amended Complaint. Any way we slice it, the non-party Board of Trustees lacks standing to appeal.

## III.

This case's cart precedes its horse. Appellants seek to challenge the district court's order on a legislative privilege issue before any legislator has asserted the privilege. BHISD is not aggrieved by the discovery order, so it lacks third-party standing. The individual legislators have not participated adequately in the district court to confer non-party standing under *Castillo*'s three-part test. And the Board of Trustees—under either theory—also lacks standing to appeal. Absent an appellant with standing, the court lacks jurisdiction and DISMISSES this appeal.[5]  The pending motion to stay pending appeal is DISMISSED as moot.

---

[5] We decline to reach the legislative privilege issues through appellants' alternative mandamus argument under 28 U.S.C. § 1651. The writ is a "drastic and extraordinary remedy" for "really extraordinary causes." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004) (internal quotation marks and citation omitted). Appellants give the issue short shrift, declining to even address whether the mandamus elements are satisfied such that this is an extraordinary cause. *In re Westcott*, 135 F.4th 243, 245 (5th Cir. 2025) (outlining Supreme Court's "three conditions that must be satisfied before a writ of mandamus may issue"); *Cheney*, 542 U.S. at 380–81 (explaining "three conditions must be satisfied before [writ] may issue" and placing burden on petitioner).