**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| EVERETT DE'ANDRE ARNOLD, et al., | ) | |
| Plaintiffs, | ) | CIVIL ACTION NO. 4:20-CV- 01802 |
| v. | ) | JURY TRIAL REQUESTED |
| BARBERS HILL INDEPENDENT SCHOOL DISTRICT, et al. | ) | |
| Defendants. | ) | |

# JOINT PRETRIAL ORDER

## Appearance of Counsel

**PLAINTIFFS**

Everett De'Andre Arnold
Kaden Bradford
Sandy Arnold

**PRO BONO COUNSEL FOR PLAINTIFFS**

NAACP LEGAL DEFENSE AND
EDUCATIONAL FUND, INC.

Michaele N. Turnage Young*
Joseph Wong*
700 14th Street NW, Suite 600
Washington, DC 20005
Tel: (202) 682-1300
Fax: (202) 682-1312
mturnageyoung@naacpldf.org
jwong@naacpldf.org

Mary Otoo*
NAACP LEGAL DEFENSE AND

AKIN GUMP STRAUSS HAUER & FELD
LLP

Roxanne Tizravesh
Texas Bar No. 24091141
Southern District of Texas Bar No. 2618739
1111 Louisiana Street, 44th Floor
Houston, TX 77002
Tel: (713) 220-5800
Fax: (713) 236-0822
rtizravesh@akingump.com

Kendall M. Viator
Texas Bar No. 24131733

EDUCATIONAL FUND, INC.
40 Rector Street, 5th Floor
New York, NY 10006
Tel: (212) 965-2200
Fax: (212) 226-7592
motoo@naacpldf.org

*admitted pro hac vice

PRO BONO COUNSEL FOR PLAINTIFFS

Southern District of Texas Bar No. 3957468
2300 N. Field Street, Ste. 1800
Dallas, TX 75201
Tel: (214) 969-28400
Fax: (214) 969-4343
kviator@akingump.com

Stephen Baldini*
Evan Frohman*
Abdiel Caballero*
Caroline Ellis
Texas Bar No. 24116322
Southern District of Texas Bar No. 3509759
Harris Stephens
Texas Bar No. 24141345
Southern District of Texas Bar No. 3892450
One Bryant Park
New York, NY 10036
Tel: (212) 872-1000
Fax: (212) 872-1002
sbaldini@akingump.com
efrohman@akingump.com
acaballero@akingump.com
cellis@akingump.com
hstephens@akingump.com

AHMAD, ZAVITSANOS & MENSING PLLC
Nicholas E. Petree
Texas Bar No. 24083657
Southern District of Texas Bar No. 1778181
1221 McKinney Street, Suite 2500
Houston, Texas 77010
Tel: (713) 655-1101
npetree@azalaw.com

**DEFENDANT**

Barbers Hill Independent School District

**COUNSEL FOR DEFENDANT**

Jonathan G. Brush
State Bar No. 24045576
Fed. I.D. No. 619970
Amy Demmler
State Bar No. 24092337
Fed. I.D. No. 3227731
Dylan A. Farmer
State Bar No. 24093417
Fed. I.D. No. 2462138
ROGERS, MORRIS & GROVER, L.L.P.
5718 Westheimer, Suite 1200
Houston, Texas 77057
Tel: (713) 960-6000
jbrush@rmgllp.com
ademmler@rmgllp.com
dfarmer@rmgllp.com

## I. Statement of the Case[1]

Plaintiffs De'Andre Arnold, his cousin Kaden Bradford, and his mother Sandy Arnold sued Barbers Hill Independent School District in May 2020, raising claims arising from a provision of the District's Dress and Grooming Code that prohibits male students' hair from extending below the eyebrows, earlobes, and shirt collar (the "Hair Policy"). Specifically, De'Andre Arnold and Kaden Bradford contend that the District's enactment, revision, and enforcement of its Hair Policy subjected them to unlawful sex and race

[1] The statement of the case is agreed, with the exception of the underlined portion. Plaintiffs request inclusion of the underlined words. The District does not agree to inclusion of the underlined words.

discrimination, violated their right to freedom of expression, and denied them due process in violation of the First and Fourteenth Amendments of the United States Constitution, Title IX of the Education Amendments of 1972, Title VI of the Civil Rights Act of 1964, and Texas Civil Practice and Remedies Code § 106.001. Additionally, Mrs. Arnold contends that the District retaliated against her in violation of the First Amendment and Title IX because she raised concerns that the Hair Policy was discriminatory.

The District denies all of these claims. The District contends that the Hair Policy is not unlawfully discriminatory and was not enforced against De'Andre Arnold or Kaden Bradford (or any other student) in an unlawfully discriminatory manner. The District also denies that it violated Plaintiffs' rights to freedom of expression or due process. The District further denies that it retaliated against Mrs. Arnold for raising concerns about the Hair Policy.

## II. <u>Jurisdiction</u>

This Court has subject matter jurisdiction in this case under 28 U.S.C. § 1331, as this case involves questions of federal law. This Court also has jurisdiction under 28 U.S.C. § 1343(a) because Plaintiffs seek damages for violations of their civil rights. Supplemental jurisdiction over Plaintiffs' state law claims is proper under 28 U.S.C. § 1367, as the state law claims arise under a common nucleus of operative fact to the federal claims.

Venue is proper in this Court under 28 U.S.C. § 1391(b) because the events giving rise to this action occurred in the Southern District of Texas.

Personal Jurisdiction and venue are not contested.

**Defendant's Additional Statement on Jurisdiction:**

For the reasons explained in the District's motion for summary judgment, Plaintiffs do not state viable state law claims, [ECF No. 327 at Part G.], and, as such, the District possesses governmental immunity to Plaintiffs' state law claims, which divests this Court of subject-matter jurisdiction over the state law claims. *See, e.g., Mission Consol. Indep. Sch. Dist. v. Garc*ia, 372 S.W.3d 629 (Tex. 2012) (holding that when a plaintiff fails to establish each element of a statutory claim, a school district's governmental immunity remains intact, and the court lacks subject-matter jurisdiction over the claim). Plaintiffs dispute the District's contentions as to this issue.

**III. Motions**

The following motions are currently pending before this Court.

1. BHISD's Motion for Summary Judgment Against Sandy Arnold [ECF No. 327], Plaintiff's response [ECF No. 338], and the District's reply [ECF No. 340].
2. BHISD's Motion for Summary Judgment Against De'Andre Arnold and Kaden Bradford's [ECF No. 336], Plaintiffs' response [ECF No. 348] Plaintiffs' Objections to Defendant's Exhibits [ECF No. 348-1], and the District's reply [ECF No. 357].
3. BHISD's responses to Plaintiffs' Late-Filed objections to the District's motion for summary judgment evidence [ECF No. 340].
4. Plaintiffs' Motion to Exclude Dr. Donald R. Deere [ECF No. 346], the District's response [ECF No. 360], and Plaintiffs' reply ECF No. 366].
5. Plaintiffs' Motion to Exclude Dr. Richard Fossey [ECF No. 347], the District's response [ECF No. 359], and Plaintiffs' reply [ECF No. 368].
6. BHISD's Motion to Exclude the Expert Testimony of Professor D. Wendy Greene [ECF No. 341], Plaintiffs' response [ECF No. 358], and the District's reply [ECF No. 367].
7. BHISD's Motion to Exclude the Expert Testimony of Dr. Juliet Williams [ECF No. 344], Plaintiffs' response [ECF No. 364], and the District's reply [ECF No. 371].
8. BHISD's Motion to Exclude the Expert Testimony of Dr. Aaron Kupchik [ECF No.

345], Plaintiffs' response [ECF No. 361], and the District's reply [ECF No. 370].

9. BHISD's Motion to Exclude the Expert Testimony of Dr. Sarah Vinson [ECF No. 342], Plaintiffs' response [ECF No. 362], and the District's reply [ECF No. 369].
10. Plaintiffs' Unopposed Motion to Seal Four Exhibits [ECF No. 363].
11. BHISD's Motion to Strike Plaintiffs' Late-Filed Response (ECF No. 348) [ECF No. 354].
12. Joint Motion in Limine [ECF No. 392].
13. Plaintiffs' Motion in Limine [ECF No. 393].

## IV. <u>Contentions of the Parties</u>

### a. Contentions of the Plaintiffs

BHISD's Board enacted, revised, maintains, and enforces its Hair Policy, which expressly discriminates by sex in violation of the 14th Amendment of the United States Constitution, Title IX of the Education Amendments of 1972, and Texas Civil Practice and Remedies Code § 106.001. In addition, by codifying the 1920's-era gendered cultural norms of the surrounding white community (i.e. males should have short hair) to the exclusion of Black, Native American, and other cultural traditions (e.g., males should have uncut locs/hair), the Hair Policy, as written, discriminates by race in violation of the 14th Amendment, Title VI of the Civil Rights Act of 1964, and Texas Civil Practice and Remedies Code § 106.001. BHISD further discriminated by race by selectively enforcing the Hair Policy and by repeatedly revising the Hair Policy to increasingly target Black male students with uncut locs. BHISD also violated De'Andre and Kaden's First Amendment right to freedom of expression. In addition, BHISD unconstitutionally deprived Kaden and De'Andre of their property right in education without due process in violation of the 14th Amendment. By acting under color of state law to deprive Plaintiffs of their constitutional

rights and their rights under federal anti-discrimination laws, BHISD also violated 42 U.S.C. § 1983. In addition, BHISD retaliated against De'Andre's mother, Mrs. Arnold, in violation of Title IX and the First Amendment after she spoke out against the discriminatory nature of the Hair Policy.

With regard to Plaintiffs' sex discrimination contentions, BHISD has not carried the demanding burden of showing (a) an 'exceedingly persuasive justification' for the classification," (b) that "the classification serves 'important governmental objectives'" and (c) "'that the discriminatory means employed' are 'substantially related to the achievement of those objectives.'" Rather, BHISD has only offered post hoc justifications for the policy, which the record suggests is actually based on sex stereotypes from the 1920s. In addition, BHISD concedes that municipal liability is established since the Board is the policy maker, the Hair Policy is an official policy, and the facial sex discrimination in the Hair Policy is the moving force behind the alleged constitutional violation.

With regard to Plaintiffs' race discrimination contentions, selective enforcement, the disparate impact of the policy, procedural irregularities, increasingly restrictive amendments to the Hair Policy, the lack of a persuasive justification for the Hair Policy, and the recent debunking of a pretextual justification for the December 2019 revision to the Hair Policy establish that BHISD has maintained its Hair Policy at least in part to racially discriminate against Black male students.

With regard to Plaintiffs' sex and race discrimination claims under the Texas Civil Practice and Remedies Code, BHISD (a) refused to permit De'Andre and Kaden to use BHISD's facilities or participate in BHISD's programs, (b) refused to grant De'Andre and

Kaden certain benefits, and (c) imposed an unreasonable burden on De'Andre and Kaden when BHISD, *inter alia*, tried to force them to cut their locs and excluded them from instruction and extracurricular activities because of their race and sex.

With regard to Plaintiffs' First Amendment freedom of expression claim, De'Andre and Kaden intended to convey an outward expression of pride in their heritage through their uncut locs and that message was likely to be understood by those who saw them. Moreover, the Hair Policy exceeds BHISD's constitutional authority because it regulates expressive conduct even when students are not at school, thereby going far beyond what is necessary to further any of BHISD's alleged interests.

With regard to De'Andre and Kaden's 14th Amendment Due Process claim, BHISD does not deny that a student's right to public education is a property interest protected under the Fourteenth Amendment. In addition, and as also relevant to De'Andre's and Kaden's Texas Civil Practice and Remedies Code claims, the evidence demonstrates that De'Andre and Kaden were deprived of access to public education when they were excluded from classroom instruction for weeks, placed in in-school suspension, and constructively expelled. BHISD failed to provide De'Andre and Kaden with notice of their right to challenge the disciplinary action prior to excluding them from classes for violating the Hair Policy. And BHISD did not respond to their exemption requests or grievances until after they were constructively expelled and forced to move to another school district to obtain access to public education.

With regard to Mrs. Arnold's retaliation claims, Mrs. Arnold has standing to pursue her claims since BHISD's retaliation injured her by thwarting her attempts to address

BHISD's discrimination against her son and nephew, publicly reprimanding her, and subjecting her to months of unwarranted police surveillance and intimidation. Mrs. Arnold thus has injury-in-fact for harms that are traceable to BHISD and can be redressed by entry of judgment against BHISD. Also, in response to Mrs. Arnold's constitutionally and statutorily protected speech, BHISD retaliated by subjecting Mrs. Arnold to adverse acts severe enough to chill a person of ordinary firmness. Finally, Mrs. Arnold can establish municipal liability because BHISD's Board of Trustees engaged in, and ratified, retaliatory acts intended to unlawfully curtail Mrs. Arnold's exercise of her constitutional and statutory rights.

**b. Contentions of the Defendant**

Since at least the 1980s, the District has maintained the Hair Policy, which serves three important purposes: (1) community expectations and unity, (2) student success and discipline, and (3) career readiness. The District has consistently maintained and enforced the Hair Policy against all students, regardless of race.

With respect to Plaintiffs' Equal Protection race discrimination, First Amendment, and due process claims, Plaintiffs cannot meet the demanding requirements of imposing *Monell* liability. Plaintiffs are obligated to rely on the existence of a customary policy and they have no evidence to establish a prior, pattern of highly similar constitutional violations.

The Hair Policy, which is facially race neutral, is enforced in a race neutral manner. There is no evidence of disparate enforcement on the basis of race. Arnold and Bradford were disciplined for violations of the Hair Policy, not because they are Black (or because

of their culture or heritage), but because they knowingly violated the Hair Policy. The evidence will further show that locs are not a racial characteristic and that locs can be cut or trimmed. For these reasons, Plaintiffs cannot prevail on their Fourteenth Amendment Equal Protection race discrimination, Title IV, and state law claims.

Plaintiffs' First Amendment claim fails because the evidence shows that they did not intend to convey an objective message through their chosen hairstyle that would be understood by an observer. In fact, the evidence shows that Plaintiffs offered shifting explanations for why they wear their hair in locs and, further, that they each have different reasons for why they wear their hair in locs. Moreover, the evidence shows that the District can meet the intermediate scrutiny standard because its justifications for the Hair Policy serve important governmental interests and the Hair Policy is substantially related to advancing those interests.

Plaintiffs' due process claim fails, as a matter of law, because removal to an alternative educational placement, including ISS, does not implicate the due process clause of the Fourteenth Amendment. As such, the District maintains that this cause of action is outside the purview of the jury. Moreover, the evidence establishes that Plaintiffs still received an education in ISS.

Plaintiffs' Equal Protection gender discrimination and Title IX claims fail because the District can meet the intermediate scrutiny standard as its justifications for the Hair Policy serve important governmental interests and the Hair Policy is substantially related to advancing those interests. Specifically, the evidence shows that the District has maintained consistently high marks for student success and the Hair Policy prepares male

students for potential workplace grooming restrictions – including those imposed by the United States military. Moreover, Title IX does not apply to school district grooming codes. As such, the District maintains that these causes of action are outside the purview of the jury because there is no fact question to resolve and these causes of action are decided on the law alone.

Mrs. Arnold's Title IX claims fails because she lacks standing to assert her claim as she did not seek any benefit or service from the District. Mrs. Arnold's First Amendment claim fails because she cannot establish *Monell* liability, she did not suffer an injury, she cannot show that she was chilled, and because she complains of Dr. Poole's own constitutionally protected speech.

The District's contentions are further set forth in its motions for summary judgment, [ECF No. 328 and No. 336], which are incorporated by reference. Fed. R. Civ. P. 10(c). The District reserves the right to revise its contentions following the Court's ruling on these or other pending motions.

## V. **<u>Admissions of Fact</u>**

1. De'Andre Arnold and Kaden Bradford, who are Black males, are former District students who wore their hair in locs during the 2019-2020 school year.
2. The District is a public school district that was created in approximately 1929.
3. The District is governed by an elected seven-member Board of Trustees.
4. The Board of Trustees enacts policies that govern the District.
5. The District receives federal funds.
6. The Hair Policy is part of the District's Dress and Grooming Code that regulates the

length of all male students' hair and prohibits male students from wearing their hair in a manner that extends below the eyebrows, earlobes, and shirt collar.

7. The Hair Policy has been in place since at least the 1980s.
8. Kenny Widner was Chief of Police for the BHISD Police Department during the 2019-20 school year.
9. Dr. Greg Poole is the District's Superintendent and has served in this capacity since 2005.

## VI. <u>Contested Issues of Fact</u>

**<u>Plaintiffs' Statement of Contested Issues of Fact:</u>**

1. Whether racial discrimination was a motivating factor behind the enactment or revision of the BHISD Hair Policy.
2. If racial discrimination was a motivating factor behind the enactment or revision of the BHISD Hair Policy, has BHISD established that the policy would have been enacted or revised in the absence of such a motivating factor?
3. Does the Hair Policy rely on stereotypes?
4. During the 2019-20 school year, did the policy bear more heavily on Black students as compared to other students?
5. Whether the Board's process for adopting or revising the Hair Policy included departures from the normal procedural sequence.
6. Whether the specific sequence of events leading up to the adoption or revision of the Hair Policy reveals a racially discriminatory purpose.
7. Are the justifications offered for the Hair Policy post hoc justifications?

8. Are the justifications offered for the Hair Policy a pretext for discrimination?
9. Is there evidence of genuine non-discriminatory contemporaneous justifications for the enactment or revision of the Hair Policy?
10. Did De'Andre and Kaden wearing their hair in uncut locs reveal an intent to convey a particularized message where there is a likelihood that the message would be understood by those exposed to it?
11. If the answer to question #8 is yes, what was the nature of the adverse actions that BHISD took against Kaden and De'Andre for wearing their hair in uncut locs and what effect would those actions have on a similarly situated person of ordinary firmness?
12. Was suppression of Kaden and De'Andre's message a substantial or motivating factor behind the adverse actions that BHISD took against Kaden and De'Andre?
13. What was the degree of injury suffered by Mrs. Arnold as a result of BHISD's adverse actions directed at her after she spoke out at the BHISD board meetings? What effect would those actions have on a similarly situated person of ordinary firmness?
14. Which adverse actions taken against Mrs. Arnold was BHISD's Board aware of and what was the reason BHISD took no action to stop the adverse actions it was aware of?
15. Was Mrs. Arnold's speaking out at the BHISD Board meetings a motivating factor behind the adverse actions taken against her by BHISD personnel?
16. What, if any, compensatory and nominal damages are Plaintiffs entitled to?

**<u>Defendant's Statement of Contested Issues of Fact:</u>**

As set forth in the District's Motion for Summary Judgment, the District contends

that there are no genuine questions of material fact. Moreover, the District maintains that several of Plaintiffs' claims fail as a matter of law or otherwise present exclusively legal questions that are outside the province of the jury. As such, without waiving the right to contest Plaintiffs' presentation of contested issues of fact at trial, the District presents the global fact questions that may be presented to the jury. The District does not include, but reserves the right to contest, any and all relevant subsidiary fact questions, including any listed in Plaintiffs' statement of contested facts, above.

1. Whether the District or its employees intentionally discriminated against De'Andre Arnold or Kaden Bradford because of their race through the enforcement of the facially race-neutral Hair Policy.
2. Whether De'Andre Arnold and Kaden Bradford wear their hair in locs to communicate a message that is objectively understood by anyone who sees their hair.
3. Whether Mrs. Arnold suffered a constitutional injury as a result of Dr. Poole's speech and alleged wagging of his finger at her.
4. Whether the District or its employees retaliated against Mrs. Arnold because she expressed her view that the hair policy discriminated on the basis of gender or sex.
5. What compensatory and nominal damages, if any, are Plaintiffs entitled to.

## VII. <u>Agreed Applicable Propositions of Law</u>

### a. Standards for *Monell* liability governing Plaintiffs' Equal Protection race discrimination, First Amendment, and Due Process claims.

The Parties do not agree on the legal propositions required to analyze this claim.

### b. Section 1983 Equal Protection race discrimination.

The Parties do not agree on the legal propositions required to analyze this claim.

**c. Title VI.**

The Parties do not agree on the legal propositions required to analyze this claim.

**d. Section 1983 Equal Protection gender discrimination.**

The Parties do not agree on the legal propositions required to analyze this claim.

**e. Title IX.**

The Parties do not agree on the legal propositions required to analyze this claim.

**f. First Amendment.**

The general First Amendment right to freedom of expression applies to conduct revealing an intent to convey a particularized message where there is a likelihood that the message would be understood by those exposed to it. *Canady v. Bossier Par. Sch. Bd.*, 240 F.3d 437, 440 (5th Cir. 2001). First Amendment protections extend to conduct that is inherently expressive. *Rumsfeld v. Forum for Acad. & Institutional Rights, Inc.*, 547 U.S. 47, 65-66 (2006). When examining content-neutral restrictions on expressive activities, the Court must determine whether the restriction survives intermediate scrutiny; namely: (1) the restriction is within the Constitutional power of the government; (2) the restriction furthers an important or substantial governmental interest; (3) the government's important or substantial interest is unrelated to the suppression of student expression; and (4) the incidental restrictions on First Amendment activities are no more than is necessary to facilitate the government's important or substantial interest. *Littlefield v. Forney Independent School District*, 268 F.3d 275, 286 (5th Cir. 2001).

To establish a First Amendment retaliation claim, a plaintiff must show "(1) they

were engaged in constitutionally protected activity, (2) the defendants' actions caused them to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity, and (3) the defendants' adverse actions were substantially motivated against the plaintiffs' exercise of constitutionally protected conduct." *Robles v. Aransas Cnty. Sheriff's Dept*., 2018 WL 1932742, at *5 (S.D. Tex. Apr. 23, 2018) (quoting *Keenan v. Tejeda*, 290 F.3d 252, 258 (5th Cir. 2002)).

**g. Due Process Clause.**

The Parties do not agree on the legal propositions required to analyze this claim.

**h. State law claims.**

Texas law provides that an officer or employee of the state, or a political subdivision of the state, may not, because of a person's race or color or because of a person's sex: (1) refuse to permit the person to use facilities; (2) refuse to permit the person from participating in a program managed by the state or political subdivision; (3) refuse to grant a benefit to the person; or (4) impose an unreasonable burden on the person. *See* Tex. Civ. Prac. & Rem. Code §§ 106.001(a)(3)–(6).

## VIII. <u>Contested Issues of Law</u>

**<u>Plaintiffs' Statement of Contested Issues of Law:</u>**

1. Whether the Hair Policy violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, Title IX of the Education Amendments of 1972, and Texas Civil Practice and Remedies Code § 106.001 by discriminating against students on the basis of sex.

2. Whether the Hair Policy furthers important governmental objectives and whether the discriminatory means employed are substantially related to the achievement of those objectives.
3. Whether the Hair Policy, as written—by codifying the 1920's-era gendered cultural norms of the surrounding white community (i.e. males should have short hair) to the exclusion of Black, Native American, and other cultural traditions (e.g., males should have uncut locs/hair)—discriminates by race in violation of the 14th Amendment, Title VI of the Civil Rights Act of 1964, and Texas Civil Practice and Remedies Code § 106.001.
4. Whether BHISD violated the 14th Amendment, Title VI of the Civil Rights Act of 1964, and Texas Civil Practice and Remedies Code § 106.001 when it selectively enforced the Hair Policy and departed from its normal procedures to make increasingly restrictive amendments to the Hair Policy to target Black male students with uncut locs.
5. Whether the Hair Policy furthers a compelling interest and is narrowly tailored to achieve that interest.
6. Whether the Hair Policy violates the First Amendment.
7. Whether the Hair Policy exceeds BHISD's constitutional authority by regulating expressive conduct even when students are not in school, thereby going far beyond what is necessary to further BHISD's alleged interests.
8. Whether BHISD violated the due process clause of the Fourteenth Amendment to the United States Constitution when it removed De'Andre and Kaden from regular

classroom instruction and extracurricular activities and constructively expelled them because they refused to cut their locs.

9. Whether a parent can seek relief under Title IX for retaliation directed at them by a federally-funded educational program or activity because they raised concerns that the federally-funded educational program or activity was discriminating against a student.

**Defendant's Statement of Contested Issues of Law:**

1. The correct standard to apply to Plaintiffs' Section 1983 Equal Protection gender discrimination claim: rational basis or intermediate scrutiny.
2. Whether there is a fact question within the jury's purview on Plaintiffs' Section 1983 gender discrimination, Due Process, and Title IX claims.
3. Whether the Court has jurisdiction over the District's state law claims.
4. *See* the District's Memorandum of Law, attached as Appendix G.

## IX. Exhibits and Exhibit List

1. Plaintiffs' Exhibit List, attached as **Appendix A**.
2. The District's Exhibit List, attached as **Appendix B**.

## X. Witnesses and Witness List

1. Plaintiffs' Witness List, attached as **Appendix C**.
2. The District's Witness List, attached as **Appendix D**.

## XI. Settlement

The Court ordered the Parties to mediate on at least two separate occasions. Mediation proved unsuccessful on both occasions. On August 26, 2026, Plaintiffs' counsel

contacted the District's counsel by e-mail about the possibility of settlement. The District's counsel responded by email on August 28, 2026, and advised that the District was not interested in exploring the possibility of settlement at this time.

## XII. Trial Information

Trial will be by Jury. Based on the current live causes of action, the probable length of trial is 10 days. Plaintiffs note the following limitations on witness availability: Plaintiffs' expert Dr. Aaron Kupchik will not be available November 12-13. The District notes the following limitations on witness availability: all witnesses are unavailable during the week of November 23-27, 2026.

## XIII. Motions in Limine

The below motions have been filed:

1. Joint Motion in Limine, ECF No. 392.
2. Plaintiffs' Motion in Limine, ECF No. 393.

## XIV. Proposed Questions for the Venire Panel

**Agreed Proposed Voir Dire Questions:**

1. The witnesses who may testify in this case are___________. Does anyone know any of these witnesses
2. The attorneys in this case are___________. Does anyone know any of these attorneys?
3. Do any of you have any familiarity with any of the other jurors in the pool?
4. Have you ever served on a jury?
5. Have you or any of your immediate family members ever filed a lawsuit?
6. Has a lawsuit ever been filed against you or an immediate family member?
7. Are you, or any of your family members or close friends, a lawyer, or have you, or any of your family members or close friends, studied law or worked for a lawyer or law office?

8. Which of you have graduated college?
9. Which of you have completed an advanced degree?
10. Which of you have graduated high school?
11. Are any of you currently experiencing any physical or mental impairment or taking any medication that would affect your ability to serve on the jury in this case?
12. Are you aware that there are laws that prohibit racial discrimination in schools?
13. Are you aware that there are laws that prohibit discrimination on the basis of sex or gender in schools?
14. Would the fact that this case involves a school district prevent you from being impartial?
15. If you concluded that a person had been discriminated against because of his or her race, would anyone object to awarding that person money to compensate him or her for the discrimination they suffered?
16. If you concluded that a person had been discriminated against because of his or her sex or gender, would anyone object to awarding that person money to compensate him or her for the discrimination they suffered?
17. Has anyone ever had a bad experience with someone of a different race that may affect your ability to be impartial in a case involving allegations of race discrimination?
18. Has anyone ever had a bad experience with someone of a different sex or gender that may affect your ability to be impartial in a case involving allegations of sex or gender discrimination?
19. Who believes that race discrimination is still a problem in America today?
20. Who believes that sex or gender discrimination is still a problem in America today?
21. Who believes that too much is made about race discrimination today?
22. Who believes that too much is made about sex or gender discrimination today?
23. Have you, or a close friend or a family member, ever made a complaint or accusation of discrimination against another person or entity?
24. Have you, or any close friends or family members, ever felt discriminated against or retaliated against by a person in authority?
25. Have you, or any close friends or family members, ever felt you were a victim of discrimination or were retaliated against for speaking out about discrimination?
26. Have you, or a close friend or a family member, ever had a complaint or accusation of discrimination made against you or them?
27. Do you have any opinions, positive or negative, about when someone makes a claim of discrimination?
28. On a daily basis, do you interact with people of different races?
29. Do any African Americans or other people of color live near you?
30. Do you think young African American men tend to experience racism more often than young men of other racial groups?
31. Do discussions of race, racial prejudice, racial conflict, or racial tension make you feel uncomfortable?
32. Do discussions of sex, gender, sexism, or discrimination on the basis of sex or gender

make you feel uncomfortable?

33. Do you believe discrimination can occur even when it is not intentional?
34. Do you have any moral, religious, philosophical or political beliefs that preclude you from sitting on a jury or that will make it difficult for you to render a fair and impartial verdict in this case?

**Defendant's Additional Proposed Voir Dire Questions:**

35. Does anyone have any limits in mind regarding how much you could award for emotional distress?
36. Has anyone seen media coverage involving the Plaintiffs or this case?
37. Has anyone seen media coverage involving the District?
38. Has anyone donated money to the NAACP?
39. Is anyone a member of the NAACP?
40. Has anyone donated money to the ACLU?
41. Is anyone a member of the ACLU?
42. Has anyone ever had a problem with a public school district?
43. Does anyone think that an individual is always at a disadvantage in a lawsuit against the government?
44. Is anyone, or a close family member, employed by a school district?
45. Does anyone have children who attend a public school?
46. Has anyone ever had a problem with a police officer?
47. Does anyone believe police officers tend to treat people differently based on their race?
48. Does anyone believe that the police should be defunded or abolished?
49. Has anyone had a child or close family members assigned to an alternative educational placement?
50. Does anyone believe there should be different rules for different races?
51. Does anyone believe that schools shouldn't be able to make rules?
52. Has anyone spoken at public comment at a school board meeting?
53. Has anyone attended a protest?
54. Does anyone have family members or friends who live in Chambers County?
55. Is there anyone who thinks they would have a problem understanding statistical evidence?
56. Is there anyone who thinks they would have a hard time understanding expert testimony?
57. The Court will instruct the jury that the Plaintiffs carry the burden of proof: is there anyone who would have a problem requiring the Plaintiffs to prove their case?
58. The Plaintiffs will get to go first at every phase of this trial: is there anyone who thinks they are likely to form an opinion of the case before hearing the District's side of the case?
59. Is there anyone who works at, or has worked at, a university?

60. Is there anyone who thinks a university professor is entitled to more credibility because they are a professor?
61. Is there anyone who thinks that children should be free to challenge or break rules?
62. Is there anyone who works, or has worked, in a job with a dress code or grooming rules?
63. Is there anyone who thinks schools should be political?

## XV. Proposed Jury Instructions and Definitions

1. Proposed Jury Instructions and Definitions are attached as **Appendix E**.

## XVI. Memorandum of Law

1. Plaintiffs' Memorandum of Law, attached as **Appendix F**.

2. The District's Memorandum of Law, attached as **Appendix G**.

September 25, 2026

Respectfully submitted,

*/s/ Michaele Turnage Young*
Michaele N. Turnage Young*
Joseph Wong*
Mary Otoo*
**NAACP LEGAL DEFENSE AND EDUCATIONAL FUND, INC.**
700 14th Street N.W., Ste. 600
Washington, D.C. 20005
Tel: (202) 682-1300
Fax: (202) 682-1312
mturnageyoung@naacpldf.org
jwong@naacpldf.org
motoo@naacpldf.org

Roxanne Tizravesh
Texas Bar No. 24091141
Southern District of Texas Bar No. 2618739
**AKIN GUMP STRAUSS HAUER & FELD LLP**
1111 Louisiana Street, 44th Floor
Houston, TX 77002
Tel: (713) 220-5800
Fax: (713) 236-0822
rtizravesh@akingump.com

Stephen Baldini*
Evan Frohman*
Abdiel Caballero*
Caroline Ellis
Texas Bar No. 24116322
Southern District of Texas Bar No. 3509759
Harris Stephens
Texas Bar No. 24141345
Southern District of Texas Bar No. 3892450
**AKIN GUMP STRAUSS HAUER & FELD LLP**
One Bryant Park
New York, NY 10036
Tel: (212) 872-1000
Fax: (212) 872-1002
sbaldini@akingump.com
efrohman@akingump.com
acaballero@akingump.com
cellis@akingump.com
hstephens@akingump.com

Nicholas E. Petree
Texas Bar No. 24083657
Southern District of Texas Bar No. 1778181
**AHMAD, ZAVITSANOS & MENSING PLLC**
1221 McKinney Street, Suite 2500
Houston, Texas 77010
Tel: (713) 655-1101
npetree@azalaw.com

*admitted pro hac vice

**PRO BONO COUNSEL FOR PLAINTIFFS**

*/s/ Jonathan G. Brush*
Jonathan G. Brush
State Bar No. 24045576
Fed. I.D. No. 619970
Amy Demmler
State Bar No. 24092337
Fed. I.D. No. 3227731

Dylan A. Farmer
State Bar No. 24093417
Fed. I.D. No. 2462138
ROGERS, MORRIS & GROVER, L.L.P.
5718 Westheimer, Suite 1200
Houston, Texas 77057
Tel: (713) 960-6000
jbrush@rmgllp.com
ademmler@rmgllp.com
dfarmer@rmgllp.com

**COUNSEL FOR DEFENDANTS**