# APPENDIX E

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **EVERETT DE'ANDRE ARNOLD, KADEN BRADFORD, and SANDY ARNOLD,** | § | |
| **Plaintiffs,** | § | |
| **vs.** | § | **C.A. NO.: 4:20-CV-01802** |
| **BARBERS HILL INDEPENDENT SCHOOL DISTRICT,** | § | **JURY TRIAL REQUESTED** |
| **Defendant.** | § | |

**PROPOSED JURY INSTRUCTIONS**

TO THE HONORABLE U.S. DISTRICT COURT JUDGE:

Plaintiffs Everett De'Andre Arnold, Kaden Bradford, and Sandy Arnold and Defendant Barbers Hill School District (the District) file these Proposed Jury Instructions as Appendix E to the Joint Pretrial Order pursuant to Rule 16(e) of the Federal Rules of Civil Procedure and LR-16.2, Local Rules of the Southern District of Texas. As required by Section 9.B.2 of the Court's Procedures, the Parties submit a single, unified document with proposed instructions. Where the Parties have agreed to both the inclusion and content of a particular instruction, the instruction is labeled "AGREED." Where the Parties agree that an instruction should be included but dispute some of the language therein, the instruction is labeled "PARTIALLY DISPUTED" and the Parties' competing language is indicated with Plaintiffs' version <u>underlined</u> and Defendant's version in **bold**. Where the

Parties disagree that a particular instruction should be included at all, the instruction is labeled "FULLY DISPUTED" and the proposing party is identified.

September 25, 2026

Respectfully submitted,

AKIN GUMP STRAUSS HAUER & FELD LLP

Roxanne Tizravesh
Texas Bar No. 24091141
Southern District of Texas Bar No. 2618739
1111 Louisiana Street, 44th Floor
Houston, TX 77002
Tel: (713) 220-5800
Fax: (713) 236-0822
rtizravesh@akingump.com

Stephen Baldini*
Evan Frohman*
Abdiel Caballero*
Caroline Ellis
Texas Bar No. 24116322
Southern District of Texas Bar No. 3509759
Harris Stephens
Texas Bar No. 24141345
Southern District of Texas Bar No. 3892450
One Bryant Park
New York, NY 10036
Tel: (212) 872-1000
Fax: (212) 872-1002
sbaldini@akingump.com
efrohman@akingump.com
acaballero@akingump.com
cellis@akingump.com
hstephens@akingump.com

NAACP LEGAL DEFENSE AND EDUCATIONAL FUND, INC.

/s/ Michaele Turnage Young
Michaele N. Turnage Young*
Joseph Wong*
700 14th Street N.W., Ste. 600
Washington, D.C. 20005
Tel: (202) 682-1300
Fax: (202) 682-1312
mturnageyoung@naacpldf.org
jwong@naacpldf.org

AHMAD, ZAVITSANOS & MENSING PLLC
Nicholas E. Petree
Texas Bar No. 24083657
Southern District of Texas Bar No. 1778181
1221 McKinney Street, Suite 2500
Houston, Texas 77010
Tel: (713) 655-1101
npetree@azalaw.com

*admitted pro hac vice

PRO BONO COUNSEL FOR PLAINTIFFS

ROGERS, MORRIS, & GROVER, L.L.P.

/s/ Jonathan G. Brush
JONATHAN G. BRUSH
Attorney-in-Charge
State Bar No. 24045576
Fed. I.D. No. 619970
jbrush@rmgllp.com
AMY DEMMLER
State Bar No. 24092337
Fed. I.D. No. 3227731
ademmler@rmgllp.com
DYLAN A. FARMER
State Bar No. 24093417
Fed. I.D. No. 2462138
dfarmer@rmgllp.com
5718 Westheimer Road, Suite 1200
Houston, Texas 77057
Telephone: 713/960-6000
Facsimile: 713/960-6025

ATTORNEYS FOR BARBERS HILL ISD

**[AGREED] JURY INSTRUCTION NO. 1**

**Instructions to jury panel**

Members of the jury panel, if you have a cell phone, PDA, smart phone, iPhone or any other wireless communication device with you, please take it out now and turn it off. Do not turn it to vibrate or silent; power it down. During jury selection, you must leave it off.

There are certain rules you must follow while participating in this trial.

First, you may not communicate with anyone about the case, including your fellow jurors, until it is time to deliberate. I understand you may want to tell your family, close friends and other people that you have been called for jury service so that you can explain when you are required to be in court. You should warn them not to ask you about this case, tell you anything they know or think they know about it, or discuss this case in your presence, until after I accept your verdict or excuse you as a juror.

Similarly, you must not give any information to anyone by any means about this case. For example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, YouTube, Snapchat, Instagram, or Twitter/X, or any other way to communicate to anyone any information about this case until I accept your verdict or until you have been excused as a juror. This includes any information about the parties, witnesses, participants, claims, evidence, or anything else related to this case.

Second, do not speak with anyone in or around the courthouse other than your fellow jurors or court personnel. Some of the people you encounter may have some connection to the case. If you were to speak with them, that could create an appearance or raise a suspicion of impropriety.

Third, do not do any research—on the Internet, in libraries, books, newspapers, magazines, or using any other source or method. Do not make any investigation about this case on your own. Do not visit or view any place or location discussed in this case and do not use Internet programs or other devices to search for or view any place or location discussed in the testimony. Do not in any way research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge, until after you have been excused as jurors. If you happen to see or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect the parties' right to have this case decided only on evidence they know about, that has been presented here in court. If you do any research, investigation or experiment that we do not know about, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process, which includes the oath to tell the truth and cross-examination. It could also be unfair to the parties' right to know what information the jurors are relying on to decide the case. Each of the parties is entitled to a fair trial by an impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process. If you decide the case based on information not presented in court, you will have denied the parties a fair trial in accordance with the rules of this

country and you will have done an injustice. It is very important that you abide by these rules. Failure to follow these instructions could result in the case having to be retried.[1]

Accepted as Written: _____ Accepted as Modified: _____ Refused: _____

**Dated: ____________, 2026**

____________________________

**GEORGE C. HANKS**
UNITED STATES DISTRICT JUDGE

[1] Committee on Civil Pattern Jury Instructions District Judges Association Fifth Circuit, Pattern Jury Instructions (Civil Cases) 1.1 (2020 rev. through June 2020) (hereinafter, "Fifth Circuit Pattern").

## [AGREED] JURY INSTRUCTION NO. 2

### Preliminary Instructions to Jury[2]

**MEMBERS OF THE JURY:**

I will take a few moments to give you some initial instructions. You have now been sworn in as the jury to try this case. As the judge, I will decide all questions of law and procedure. As the jury, you are the judges of the facts. At the end of the trial, I will instruct you on the rules of law that you must apply to the facts as you find them.

You may take notes during the trial. Do not allow your note-taking to distract you from listening to the testimony. Your notes are an aid to your memory. If your memory should later be different from your notes, you should rely on your memory. Do not be unduly influenced by the notes of other jurors. A juror's notes are not entitled to any greater weight than each juror's recollection of the testimony.

Until this trial is over, do not discuss this case with anyone and do not permit anyone to discuss this case in your presence. This includes your spouse, children, relatives, friends, coworkers and people with whom you commute to court each day. During your jury service, you must not communicate any information about this case by any means, by conversation or with the tools of technology. For example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smartphone, camera, recording device, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog or a website such as Facebook, Myspace,

[2] Fifth Circuit Pattern § 1.2.

YouTube, Snapchat, Instagram, TikTok or Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict or excuse you as a juror.

Do not even discuss the case with the other jurors until the end of the case when you retire to deliberate. Discussing the case before all the evidence is discussed is unfair because you may become an advocate for one side or the other. The parties, the witnesses, the attorneys, and persons associated with the case are not allowed to communicate with you. You may not speak with anyone else in or around the courthouse other than your fellow jurors or court personnel.

Do not make any independent investigation of this case. You must rely solely on what you see and hear in this courtroom. Do not try to learn anything about the case from any other source. In particular, you may not use any electronic device or media, such as a telephone, cell phone, smartphone or computer, to research any issue touching on this case. Do not go online, read any newspaper account of this trial, or listen to any radio or television newscast about it. Do not visit or view any place discussed in this case and do not use Internet programs or other devices to search for or view any place discussed in the testimony. In sum, you may not research any information about this case, the law or the people involved, including the parties, the witnesses, the lawyers, or the judge, until you have been excused as jurors.

There are some issues of law or procedure that I must decide and that the attorneys and I must discuss. These issues are not part of what you must decide and are not properly discussed in your presence. To avoid having you leave the courtroom and to save time, I may discuss these issues with the attorneys on the bench outside of your hearing. When I

confer with the attorneys at the bench, please do not listen to what we are discussing. If the discussions require more time, I may have you leave the courtroom until the lawyers and I resolve the issues. I will try to keep these interruptions as few and as brief as possible.

The trial will now begin. Lawyers for each side will make an opening statement. Opening statements are intended to assist you in understanding the significance of the evidence that will be presented. The opening statements are not evidence.

After the opening statements, the Plaintiffs will present their case through witness testimony and documentary or other evidence. Next, the District will have an opportunity to present its case. Plaintiffs may then present rebuttal evidence. After all the evidence is introduced, I will instruct you on the law that applies to this case. The lawyers will then make closing arguments. Closing arguments are not evidence, but rather the attorneys' interpretations of what the evidence has shown or not shown. Finally, you will go into the jury room to deliberate to reach a verdict.

Keep an open mind during the entire trial. Do not decide the case until you have heard all of the evidence, the closing arguments and my instructions.

It is now time for the opening statements.

Accepted as Written: _____ Accepted as Modified: _____ Refused: _____

**Dated: ____________, 2026**

**GEORGE C. HANKS**
UNITED STATES DISTRICT JUDGE

## [AGREED] JURY INSTRUCTION NO. 3

### First Recess[3]

We are about to take our first break in this trial. Remember, until the trial is over, you are not to discuss this case with anyone, including your fellow jurors. If anyone approaches you and tries to talk to you about the case, advise me about it immediately. Do not read or listen to any news reports of the trial or use any technology tools to do independent research. Remember to keep an open mind until all the evidence has been received. Finally, do not speak with anyone in or around the courthouse other than your fellow jurors or court personnel.

Accepted as Written: _____ Accepted as Modified: _____ Refused: _____

**Dated: ____________, 2026**

**GEORGE C. HANKS**
UNITED STATES DISTRICT JUDGE

[3] Fifth Circuit Pattern § 2.1.

# [FULLY DISPUTED – PROPOSED BY PLAINTIFFS] JURY INSTRUCTION NO. 4

## Outline of Claims and Defenses

De'Andre Arnold and Kaden Bradford are former Barbers Hill Independent School District students who have worn uncut locs since middle school in homage to their Black, and in De'Andre's case, Trinidadian heritage. De'Andre and Kaden allege that BHISD discriminated against them because of their race and sex and violated their right to freedom of expression when, pursuant to BHISD's Hair Policy, BHISD excluded them from regular classroom instruction and extracurricular activities because they refused to cut their locs. De'Andre's mother, Mrs. Sandy Arnold, alleges that, when she raised concerns that BHISD's Hair Policy was discriminatory, BHISD retaliated against her by thwarting her attempts to address BHISD's discrimination against her son and nephew, publicly reprimanding her, and subjecting her to months of unwarranted police surveillance and intimidation.

BHISD admits that its Dress and Grooming Code includes a policy that prohibits male students' hair from extending below the eyebrows, earlobes, and shirt collar while permitting female students to maintain long hair (the "Hair Policy"). BHISD does not know when or why the policy was originally enacted. BHISD denies violating the Plaintiffs' rights and denies that the Plaintiffs are entitled to any relief.

Accepted as Written: _____ Accepted as Modified: _____ Refused: _____

**Dated: ____________, 2026**

______________________________
**GEORGE C. HANKS**
UNITED STATES DISTRICT JUDGE

## [FULLY DISPUTED – PROPOSED BY PLAINTIFFS] JURY INSTRUCTION NO. 5
## Definitions

**Locs:** A hairstyle that is common in the Black community where an individual allows their hair to grow long enough to be twisted together. These twists are then allowed to fuse together over time, and then these fused twists will grow as long as the wearer desires and will continue to grow even if the wearer does not touch them. They are widely considered to be a traditionally Black hairstyle and are often associated with the West Indian community. In these cultures, the length of locs often signify the wearers growth as a person as they gradually mature. Further, some communities prohibit cutting or trimming natural locs.

- The term "locs" is used in place of the more common term "dread locks." The term "dread" in the word "dread locks" comes from the word "dreadful" used by English slave traders to refer to Africans' hair, which researchers believe "locked" naturally on its own during the Middle Passage. *See* April Williams, My Hair is Professional Too!: A Case Study and Overview of Laws Pertaining to Workplace Grooming Standards and Hairstyles Akin to African Culture, 12 S. J. POL'Y & JUST. 138, 16566 (2018).
-

**Hair Policy:** This term refers to the portions of BHISD's grooming policy that prohibits male students' hair from extending below the eyebrows, earlobes, and shirt collar while permitting female students to maintain long hair.

**Board of Trustees:** A body which has "the exclusive power and duty to govern and oversee the management of the public schools of the district."[4] At the beginning of each school year, the Board creates and adopts a Student Code of Conduct, which sets forth BHISD's standards of conduct, consequences for misconduct, and procedures for administering discipline.[5]

Accepted as Written: _____ Accepted as Modified: _____ Refused: _____

---

[4] *See* Barbers Hill ISD Board Policy Manual, Board Legal Status Powers and Duties, BAA (LEGAL), https://pol.tasb.org/Policy/Download/280?filename=BAA(LEGAL).pdf.

[5] *See also* Barbers Hill ISD Student Code of Conduct: 2019–20 School Year, https://resources.finalsite.net/images/v1566951946/bhisd/bucyejyptqmhj6ysekly/BHISDStudentCodeofConduct2019-2020finalupdatePDF.pdf.

**Dated: ____________, 2026**

______________________________
**GEORGE C. HANKS**
UNITED STATES DISTRICT JUDGE

## [PARTIALLY DISPUTED] JURY INSTRUCTION NO. 6

### Stipulations of Fact[6]

A "stipulation" is an agreement. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court.

The parties have stipulated to the following facts:

1. De'Andre Arnold and Kaden Bradford, who are Black males, are former District students who wore their hair in locs during the 2019-2020 school year.
2. The District is a public school district that was created in approximately 1929.
3. The District is governed by an elected seven-member Board of Trustees.
4. The Board of Trustees enacts policies that govern the District.
5. The District receives federal funds.
6. The Hair Policy is part of the District's Dress and Grooming Code that regulates the length of all male students' hair and prohibits male students from wearing their hair in a manner that extends below the eyebrows, earlobes, and shirt collar.
7. The Hair Policy has been in place since at least the 1980s.
8. Kenny Widner was Chief of Police for the BHISD Police Department during the 2019-20 school year.
9. Dr. Greg Poole is the District's Superintendent and has served in this capacity since 2005.

[6] Fifth Circuit Pattern § 2.3.

1. 4914 Riverview H 23, Dayton, Texas 77535 is located in Chambers County, Texas, and is within the school attendance zone for Barbers Hill High School, which is a part of the Barbers Hill Independent School District ("BHISD").
2. In Spring 2018, Barbers Hill Middle School North ("BHMSN") Assistant Principal Mike Cofresi gave K.B. a warning regarding noncompliance with the BHISD dress and grooming policy.
3. In Spring 2018, BHMSN personnel gave K.B. a lunch detention for noncompliance with the BHISD dress and grooming policy.
4. In August 2018, K.B. was as a freshman at Barbers Hill High School ("BHHS").
5. In early January 2020, BHHS administrators asked K.B. and his cousin De'Andre Arnold to provide pictures of themselves at home in order to check compliance with BHISD's hair and grooming policy.
6. On January 29-31, 2020 and February 3-5, 2020, BHISD personnel sent K.B. to in-school suspension for noncompliance with BHISD's hair and grooming policy.
7. Each Spring, BHISD provides all juniors the opportunity to take the SAT college readiness exam on campus for free during the SAT School Day.
8. On January 27, 2020, K.B. initiated an administrative grievance with BHISD concerning BHISD's hair and grooming policy.
9. On February 18, 2020, BHHS Principal Rick Kana denied K.B.'s Level One grievance.

10. The Level Two grievance conference was initially scheduled for March 20, 2020.

11. On May 5, 2020, BHISD rescheduled K.B.'s Level Two grievance conference for June 4, 2020.

12. K.B.'s Level Two grievance conference was held on June 4, 2020.

13. On June 23, 2020, BHISD responded to K.B.'s Level Two grievance.

14. On June 29, 2020, K.B. requested a Level Three grievance conference and determination.

15. On July 14, 2020, BHISD scheduled K.B.'s Level Three grievance conference for July 20, 2020.

16. BHISD's 2019–2020 academic year ended on May 18, 2020.

17. BHISD's 2020–2021 academic year was scheduled to begin on August 19, 2020.

18. Trombone players, like K.B., were scheduled to attend band camp for two or three hour sessions on August 4, 6, and 11-14, 2020.

Since December 16, 2019, BHISD's hair length regulation has stated: "Male students' hair will not extend, at any time, below the eyebrows, or below the ear lobes. Male students' hair must not extend below the top of a t-shirt collar or be gathered or worn in a style that would allow the hair to extend below the top of a t-shirt collar, below the eyebrows, or below the ear lobes when let down."

Accepted as Written: _____ Accepted as Modified: _____ Refused: _____

**Dated: ____________, 2026**

______________________________
**GEORGE C. HANKS**
UNITED STATES DISTRICT JUDGE

## [AGREED] JURY INSTRUCTION NO. 7

### Judicial Notice[7]

You must accept as proved facts of which the court takes judicial notice. The court has taken judicial notice that: [INSERT]

Accepted as Written: _____ Accepted as Modified: _____ Refused: _____

**Dated: ____________, 2026**

____________________________
**GEORGE C. HANKS**
UNITED STATES DISTRICT JUDGE

[7] Fifth Circuit Pattern § 2.4.

## [AGREED] JURY INSTRUCTION NO. 8

### Discontinuance as to Some Parties

Certain parties are no longer involved in this trial. As jurors, it is your duty to consider the issues among the remaining parties.[8]

Accepted as Written: _____ Accepted as Modified: _____ Refused: _____

**Dated: ____________, 2026**

______________________________
**GEORGE C. HANKS**
UNITED STATES DISTRICT JUDGE

[8] Fifth Circuit Pattern § 2.5.

## [AGREED] JURY INSTRUCTION NO. 9

### Limiting Instruction[9]

When testimony or an exhibit is admitted for a limited purpose, you may consider that testimony or exhibit only for the specific limited purpose for which it was admitted.

Accepted as Written: _____ Accepted as Modified: _____ Refused: _____

**Dated: ____________, 2026**

____________________________
**GEORGE C. HANKS**
UNITED STATES DISTRICT JUDGE

[9] Fifth Circuit Pattern § 2.6.

## [AGREED] JURY INSTRUCTION NO. 10

### Charts and Summaries[10]

Certain charts and summaries have been shown to you solely to help explain or summarize the facts disclosed by the books, records, and other documents that are in evidence. These charts and summaries are not evidence or proof of any facts. You should determine the facts from the evidence.

Accepted as Written: _____ Accepted as Modified: _____ Refused: _____

**Dated: ____________, 2026**

**GEORGE C. HANKS**
UNITED STATES DISTRICT JUDGE

[10] Fifth Circuit Pattern § 2.7.

**[FULLY DISPUTED – PROPOSED BY PLAINTIFFS] JURY INSTRUCTION NO. 11**

**Similar Acts[11]**

Evidence that an act was done at one time or on one occasion is not any evidence or proof whatsoever that the act was done in this case. Then how may you consider evidence of similar acts? You may consider evidence of similar acts for the limited purpose of showing the District's intent, knowledge, or motive, which is at issue in this case. Such evidence may not be considered for any other purpose whatsoever. You may not use the evidence to consider or reflect the District's character.

Accepted as Written: _____ Accepted as Modified: _____ Refused: _____

**Dated: ____________, 2026**

____________________________
**GEORGE C. HANKS**
UNITED STATES DISTRICT JUDGE

[11] Fifth Circuit Pattern § 2.10.

**[AGREED] JURY INSTRUCTION NO. 12**

**Impeachment by Witness's Inconsistent Statements**[12]

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

Accepted as Written: _____ Accepted as Modified: _____ Refused: _____

**Dated: ____________, 2026**

**GEORGE C. HANKS**
UNITED STATES DISTRICT JUDGE

[12] Fifth Circuit Pattern § 2.11.

## [FULLY DISPUTED – REQUESTED BY PLAINTIFFS] JURY INSTRUCTION NO. 13

### Deposition Testimony[13]

Certain testimony has been presented to you through a deposition. A deposition is the sworn, recorded answers to questions a witness was asked in advance of the trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness's testimony may be presented, under oath, in the form of a deposition. Some time before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony. The questions and answers have been read or shown to you today. This deposition testimony is entitled to the same consideration, is to be judged by you as to credibility, as if the witness had been present and had testified from the witness stand in court.

Accepted as Written: _____ Accepted as Modified: _____ Refused: _____

**Dated: ____________, 2026**

**GEORGE C. HANKS**
UNITED STATES DISTRICT JUDGE

[13] Fifth Circuit Pattern § 2.13.

## [AGREED] JURY INSTRUCTION NO. 14

### Bias[14]

You are the sole and exclusive judges of the facts. Under your oath as jurors, you are not to be swayed by bias, sympathy or prejudice. You should be guided by the evidence presented during the trial, without regard to the consequences of your decision.

You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence. Do not let bias, prejudice or sympathy play any part in your deliberations. A school district and all other persons are equal before the law and must be treated as equals in a court of law.

Accepted as Written: _____ Accepted as Modified: _____ Refused: _____

**Dated: ____________, 2026**

______________________________
**GEORGE C. HANKS**
UNITED STATES DISTRICT JUDGE

[14] Fifth Circuit Pattern § 2.16.

## [AGREED] JURY INSTRUCTION NO. 15

### Jury Charge[15]

**MEMBERS OF THE JURY:**

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must

[15] 5th Circuit Pattern § 3.1.

determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the Plaintiffs or the District in arriving at your verdict.

Accepted as Written: _____ Accepted as Modified: _____ Refused: _____

**Dated: ____________, 2026**

________________________
**GEORGE C. HANKS**
UNITED STATES DISTRICT JUDGE

## [PARTIALLY DISPUTED] JURY INSTRUCTION NO. 16

### Burden of Proof[16]

Plaintiffs Kaden, De'Andre, and Mrs. Arnold have the burden of proving their case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiffs have failed to prove an element of his or her **their** claim**s** by a preponderance of the evidence, then he or she **they** may not recover on that claim.

Accepted as Written: _____ Accepted as Modified: _____ Refused: _____

**Dated: ____________, 2026**

**GEORGE C. HANKS**
UNITED STATES DISTRICT JUDGE

[16] Fifth Circuit Pattern § 3.2.

## [AGREED] JURY INSTRUCTION NO. 17

## Evidence[17]

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

Accepted as Written: _____ Accepted as Modified: _____ Refused: _____

**Dated: ____________, 2026**

**GEORGE C. HANKS**
UNITED STATES DISTRICT JUDGE

[17] Fifth Circuit Pattern § 3.3.

## [AGREED] JURY INSTRUCTION NO. 18

### Demonstrative Evidence[18]

Exhibit [specify] is an illustration. It is a party's [description/picture/model] used to describe something involved in this trial. If your recollection of the evidence differs from the exhibit, rely on your recollection.

Accepted as Written: _____ Accepted as Modified: _____ Refused: _____

**Dated: ____________, 2026**

______________________________
**GEORGE C. HANKS**
UNITED STATES DISTRICT JUDGE

[18] Fifth Circuit Pattern § 2.8.

## [PARTIALLY DISPUTED] JURY INSTRUCTION NO. 19

### Witnesses[19]

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider:

1. The demeanor and manner of the witness while testifying;
2. Any feelings or interest the witness may have in the outcome of the case;
3. The consistency or inconsistency of his or her testimony considered in the light of the circumstances;
4. Any prejudice or bias about the case that he or she may have;
5. Has other credible evidence contradicted the witness?
6. Has he or she made statements at other times and places contrary to those made here on the witness stand?

Furthermore, you may consider a witness's demonstrated bias, prejudice or hostility in determining the weight to be accorded to his or her testimony.[20]

You must give the testimony of each witness the credibility that you think it deserves. Even if a witness is a party to the action and therefore interested in its outcome, their testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

---

[19] Fifth Circuit Pattern § 3.4.

[20] *See, e.g.*, *United States v. Abel*, 469 U.S. 45, 49 (1984) (noting bias of witness highly probative); *Coleman v. United States*, 167 F.2d 837, 840-41 (5th Cir. 1948) (finding error in refusing to give instruction to disregard or weigh a witnesses credibility based on a finding that any "witness[] ha[s] exhibited prejudice or bias"); *United States v. Leslie*, 759 F.2d 366 (5th Cir. 1985) (noting that bias instructions go to the heart of the jury's fact-finding function).

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness. You are not, of course, bound to believe something merely because someone swore to it. We all know that a person can swear to an untruth if he or she has the will to do so. If a witness is shown to knowingly have testified falsely concerning a material matter, you have a right to distrust such witness' testimony in other particulars and you may reject all the testimony of that witness or give it such credibility as you may think it deserves. Other witnesses may simply be mistaken or incorrect in their recollection of an event. Again, it is your job to determine which witness' testimony is correct, and which is incorrect or mistaken.[21]

Accepted as Written: _____ Accepted as Modified: _____ Refused: _____

**Dated: ___________, 2026**

______________________

**GEORGE C. HANKS**
UNITED STATES DISTRICT JUDGE

[21] *See, e.g. United States v. Fletcher by Fletcher*, 882 F.3d 151, 157-58 (5th Cir. 2018) (noting that the fact-finder is in the best position to observe the witnesses, their demeanor, or credibility); *United States v. Nation*, 701 F.2d 31, 32-34 (5th Cir. 1983) (approving of jury instructions that instructed the jury about the believability of witnesses and the weight to be given to their testimony because the jury are the sole judges of the facts).

## [AGREED] JURY INSTRUCTION NO. 20

### Expert Witnesses[22]

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.

Accepted as Written: _____ Accepted as Modified: _____ Refused: _____

**Dated: ____________, 2026**

____________________________
**GEORGE C. HANKS**
UNITED STATES DISTRICT JUDGE

[22] Fifth Circuit Pattern § 3.5.

## [FULLY DISPUTED – PROPOSED BY DEFENDANT] JURY INSTRUCTION NO. 21

### No Inference From Filing Suit[23]

**The fact that Plaintiffs brought a lawsuit and are in court seeking damages creates no inference that they are entitled to a judgment against the District. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.**

**Accepted as Written: _____ Accepted as Modified: _____ Refused: _____**

**Dated: ____________, 2026**

_________________________
**GEORGE C. HANKS**
UNITED STATES DISTRICT JUDGE

[23] Fifth Circuit Pattern § 3.6.

## [FULLY DISPUTED – PROPOSED BY PLAINTIFFS] JURY INSTRUCTION NO. 22

### Plaintiffs' Federal Constitutional Claims[24]

Plaintiffs bring their constitutional claims under the federal statute, 42 U.S.C. § 1983 ("Section 1983"), which provides for redress of injuries resulting from the violation of an individual's constitutional rights by a person acting under color of state law. Section 1983 does not itself, create any substantive rights, but provides individuals with a remedy for violations of constitutional rights.[25] Section 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom or usage of any State, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in any action at law, suit in equity, or other proper proceedings for redress.

A person may sue for an award of money damages against those who, "under color" of any State law or custom, intentionally violates his or her rights under the Constitution of the United States.

---

[24] 5 Modern Federal Jury Instructions-Civil P 87.03 (2026).

[25] *Martinez v. State of Cal.*, 444 U.S. 277, 284 (1980).

"Under color" of state law means under the pretense of law.[26] An officer's acts while performing his or her official duties are done "under color" of state law whether those acts are in line with his authority or overstep such authority.[27]

In this case the parties have stipulated that BHISD acted "under color" of state law for the purposes of passing, revising, and enforcing the Hair Policy. You must accept that fact as proved.[28]

To recover damages from these alleged constitutional and statutory violations, Plaintiffs must prove all of the following by a preponderance of the evidence (that it is more likely than not that):

1. Defendant intentionally committed acts which operated to deprive Plaintiffs of a right secured by the Constitution and/or laws of the United States;
2. Defendant acted under color of authority of the state of Texas; and
3. The acts of the Defendant were the proximate cause of Plaintiffs' damages. An act is a proximate cause of the Plaintiffs' injuries or damages if it appears from the evidence that the injury or damage was a reasonably foreseeable consequence of the Defendant's act.[29]

***Authority:***

Accepted as Written: _____ Accepted as Modified: _____ Refused: _____

---

[26] Fifth Circuit Pattern § 10.2.

[27] *Id.* (modified for brevity); *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 464 (5th Cir. 2010); *Townsend v. Moya*, 291 F.3d 859, 861 (5th Cir. 2002).

[28] Fifth Circuit Pattern § 10.2.

[29] 5 Modern Federal Jury Instructions-Civil P 87.03 (2026).

**Dated: ____________, 2026**

**GEORGE C. HANKS**
UNITED STATES DISTRICT JUDGE

## [PARTIALLY DISPUTED] JURY INSTRUCTION NO. 23

## Municipal Liability[30]

Plaintiffs are suing Barbers Hill Independent School District. The District is not liable for the actions of its employees unless the constitutional violation was caused by the District's policy or custom.

To prevail on their claims against the District, Plaintiffs must prove by a preponderance of the evidence (that it is more likely than not) that:

1. an official policy or custom existed;
2. a policymaker for the District knew or should have known about the policy or custom;
3. the policymaker was deliberately indifferent; and
4. the policy or custom was the moving force leading to the constitutional violation.

You are instructed that the District's Board of Trustees is its final and only policymaker.[31]

A "policy" can be a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the District's Board of Trustees. The plaintiffs can establish an "official policy" via "a single unconstitutional act by a final policymaker."[32] A governmental entity can be held liable for a single episode of misconduct by a non-

---

[30] Fifth Circuit Pattern § 10.5.

[31] See Tex. Educ. Code § 11.1511(b)(5) (Board shall adopt policies); *Ricci v. Cleveland Indep. Sch. Dist.*, No. 11-CV-02957, 2012 WL 2935200, at *15 (S.D. Tex. July 17, 2012).

[32] *Cambric v. City of Corpus Christi*, 170 F.4th 321, 325 (5th Cir. 2026) (citations omitted) (cleaned up).

policymaker where the final policymaker ratified the non-policymaker's conduct knowing that the non-policymaker had retaliatory intent.[33] "Ratification occurs when a policymaker 'confirms, adopts, or fails to repudiate the acts' of a non-policymaking employee."[34] **The Plaintiffs can also show an official policy via a pattern of prior, highly similar incidents, but this showing requires similarity and specificity. Prior indications cannot simply be for any and all bad or unwise acts, but rather must point to the specific violation in question. Further, a pattern requires sufficiently numerous prior incidents, as opposed to isolated instances. Plaintiffs cannot be their own pattern.**

**A "custom" is a persistent, widespread practice of District officials or employees that, although not formally adopted, is so common and well-settled that it fairly represents District policy. But to show a custom, Plaintiffs must prove that the District's Board of Trustees knew or should have known about the custom.**

**For an official to act with deliberate indifference, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists or a violation of constitutional rights exists, and the official must also draw the inference. The deliberate indifference standard is a high one. It is more than "negligence" or "gross negligence" and amounts to a lesser form of intent.**

**"Negligence" means failure to use ordinary care, that is, failing to do that which a person of ordinary prudence would have done under the same or similar**

---

[33] *Milam v. City of San Antonio*, 113 F. App'x 622, 626-27 (5th Cir. 2004).

[34] *Maxwell v. Mesquite Indep. Sch. Dist.*, No. 3:20-CV-3581-S, 2021 WL 4260756, at *4 (N.D. Tex. Sept. 19, 2021) (citing *Prunty v. Ark. Freightways, Inc.*, 16 F.3d 649, 653 (5th Cir. 1994)).

**circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.**

**"Ordinary care" means that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances.**

**"Gross negligence" means an act or omission by the District's Board of Trustees:**

**a. which viewed objectively from the standpoint of the Board of Trustees, at the time of its occurrence, involves an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiffs; and**

**b. of which the Board of Trustees had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiffs.**

**To act with deliberate indifference, the District's Board of Trustees must have known of the intentional race discrimination Plaintiffs complain of and intended that it occur or continue. Actions and decisions by the Board of Trustees that were merely inept, ineffective, negligent, or grossly negligent do not amount to deliberate indifference. The Board of Trustees could have misread the situation and made a tragic error in judgment, but this would still not reach the level of deliberate indifference. Deliberate indifference means that the response, or lack of response, by the Board of Trustees was clearly unreasonable in light of the known circumstances. Even if the investigative and disciplinary response by the Board of Trustees could**

**have been better, mere unreasonableness is not enough to support deliberate indifference. The Board of Trustees was not required to end the violations entirely.**

**If you find that the actions of the District's Board of Trustees, if any, were reasonable, or merely negligent or grossly negligent, you must find for the District.**

Accepted as Written: _____ Accepted as Modified: _____ Refused: _____

**Dated: ____________, 2026**

______________________________
**GEORGE C. HANKS**
UNITED STATES DISTRICT JUDGE

**[FULLY DISPUTED – PROPOSED BY PLAINTIFFS] JURY INSTRUCTION NO. 24**

**Fourteenth Amendment – Equal Protection Clause**

The Equal Protection Clause of the Fourteenth Amendment prohibits race and sex discrimination.

The Equal Protection inquiry for both race and sex discrimination "concerns the actual considerations that provided the essential basis for the [challenged action], not post hoc justifications the legislature in theory could have used but in reality did not."[35] A post hoc rationalization is a purported rationale for the challenged action that was invented after the fact. A jury need not accept the rationale BHISD offered and may instead find that offered reasons for BHISD's actions are illegitimate post-hoc rationalizations.[36]

Accepted as Written: _____ Accepted as Modified: _____ Refused: _____

**Dated: ____________, 2026**

**GEORGE C. HANKS**
UNITED STATES DISTRICT JUDGE

[35] *Bethune-Hill v. Virginia State Bd. of Elections*, 580 U.S. 178, 189–90 (2017)

[36] *See United States v. Virginia*, 518 U.S. 515, 535-36 (1996); *Weinberger v. Wiesenfeld*, 420 U.S. 636, 648 n.16 (1975).

**[FULLY DISPUTED - PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 25**

**Federal Claim – Sex Discrimination**

The Equal Protection Clause of the Fourteenth Amendment prohibits sex classifications based on "overbroad generalizations about the different talents, capacities, or preferences of males and females."[37] Sex based classifications are subject to heightened review under the Equal Protection Clause.[38] Classifications by sex are constitutional only if they (1) serve important government objectives and (2) are closely and substantially related to the achievement of those objectives. In addition to the requirement that a sex-based classification be in furtherance of an important governmental objective, the means employed must be substantially related to that objective.[39]

In addition, Title IX of the Education Amendments of 1972 ("Title IX") states that "[n]o person . . . shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). A plaintiff bringing a claim under Title IX may use either direct or circumstantial evidence of intentional discrimination.[40]

The Plaintiffs bring sex discrimination claims against BHISD because the Hair Policy is worded to treat male students differently from female students, thereby leading BHISD to enforce the Hair Policy against male students, but not female students.

[37] *United States v. Virginia*, 518 U.S. 515, 533 (1996).

[38] *Craig v Boren*, 429 U.S. 190, 197 (1976).

[39] *Id.; United States v. Virginia*, 518 U.S. 515, 532-33 (1996).

[40] *Cf. Portis v. First Nat'l Bank of New Albany, Miss.,* 34 F.3d 325, 328 (5th Cir. 1994).

De'Andre and Kaden were excluded from regular instruction unless they cut their locs while their female classmates were allowed to maintain long hair. BHISD denies all allegations pertaining to Plaintiffs' Title IX claims.

***Authority:***

Accepted as Written: _____ Accepted as Modified: _____ Refused: _____

**Dated: ____________, 2026**

__________________________
**GEORGE C. HANKS**
UNITED STATES DISTRICT JUDGE

## [PARTIALLY DISPUTED] JURY INSTRUCTION NO. 26

## Title IX – Retaliation[41]

Title IX of the Education Amendments of 1972 ("Title IX") states that "[n]o person . . . shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). Title IX prohibits retaliation for exercising a right protected by that title, such as raising concerns about discriminatory behavior.[42] **The only plaintiff raising a Title IX retaliation claim is Sandy Arnold. To prove that claim, she must show that the District retaliated against her because she complained of sex discrimination[43] – in other words, that the District would not have taken adverse action against her but for her complaint.[44] "Adverse action" in this context means an action which excluded Plaintiff Sandy Arnold from participation or denied her the benefit of a program receiving federal financial assistance.[45]**

Mrs. Arnold alleges that BHISD retaliated against her after she raised concerns that the Hair Policy discriminated against Black male students. Mrs. Arnold alleges that BHISD retaliated against her by thwarting her attempts to address BHISD's discrimination

[41] *Jackson v. Birmingham Bd. Of Educ.*, 544 U.S. 167, 174 (2005) (recognizing Title IX retaliation claim); *Bose v. Bea*, 974 F.3d 983, 992-93 (6th Cir. 2020).

[42] *Jackson*, 544 U.S. at 171 (holding that Title IX "encompasses claims of retaliation . . . where the funding recipient retaliates against an individual because [she] has complained about sex discrimination.:).

[43] *Jackson*, 544 U.S. at 169.

[44] *Cf.* Fifth Circuit Pattern § 11.5.

[45] *Alice L. v. Eanes Indep. Sch. Dist.*, No. A-06-CA-944-SS, 2007 WL 9710281, at *6 (W.D. Tex. Dec. 18, 2007)

against her son and nephew, publicly reprimanding her, and subjecting her to months of unwarranted police surveillance and intimidation.

Accepted as Written: _____ Accepted as Modified: _____ Refused: _____

**Dated: ____________, 2026**

___________________________
**GEORGE C. HANKS**
UNITED STATES DISTRICT JUDGE

**[FULLY DISPUTED - PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 27**

**State Claims – Sex Discrimination**

Under Texas Civil Practice and Remedies Code § 106.001, an officer or employee of the state, or a political subdivision of the state, may not, because of a person's sex: (1) refuse to permit the person to use facilities; (2) refuse to permit the person from participating in a program managed by the state or political subdivision; (3) refuse to grant a benefit to the person: or (4) impose an unreasonable burden on the person.[46] If you conclude that BHISD engaged in any of the four acts listed above with respect to one or more Plaintiffs, then your verdict should be for those Plaintiffs on this claim.

BHISD's Hair Policy concerning length is expressly limited to male students. De'Andre and Kaden allege that applying this policy only to male students constitutes an illegal sex classification because such a policy is impermissibly based on the stereotype that males must have short hair and only females can have long hair. De'Andre and Kaden were denied access to state facilities, state-operated programs and benefits by being removed from regular classroom instruction and extracurricular activities due to their culturally significant uncut locs. BHISD's action in attempting to force De'Andre and Kaden to cut their locs because of their sex and placing them in ISS imposed unreasonable burdens on them. BHISD denies all allegations regarding sex discrimination.

***Authority:***

Accepted as Written: _____ Accepted as Modified: _____ Refused: _____

**Dated: ____________, 2026**

______________________________
**GEORGE C. HANKS**
UNITED STATES DISTRICT JUDGE

## [DISPUTED] JURY INSTRUCTION NO. 28

### Federal Claims – Racial Discrimination

Plaintiffs contend that BHISD's Hair Policy reflects the traditional norms of the predominately white community it serves; namely, that males should have short hair, while females can have long hair. Plaintiffs contend that BHISD is aware that the Hair Policy contradicts the traditions of some Black and Native American families, who do not cut males' hair. BHISD admits that such students would have to either seek an exemption from the Hair Policy (that BHISD may refuse to grant) or leave the BHISD altogether to avoid being forced to violate their families' customs in favor of adopting another community's cultural norms.

De'Andre and Kaden contend that BHISD subjected them to racial discrimination when BHISD: (a) chose to maintain a Hair Policy that codifies the gendered cultural norms of the white community, (b) chose to make that Hair Policy more and more restrictive until it was clear that they would need to cut off their locs in order to avoid being denied equal educational opportunities, and (c) punished them more frequently and more harshly pursuant to the Hair Policy than their white schoolmates.

De'Andre and Kaden seek relief from this racial discrimination under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, Title VI of the Civil Rights Act of 1964 ("Title VI"), and Texas state law. The Equal Protection Clause of the Fourteenth Amendment prohibits race and sex discrimination. Title VI of the Civil Rights Act of 1964 ("Title VI") provides that recipients of federal financial assistance may not discriminate based on race, color, or national origin. BHISD is a federally funded

program or activity under 42 U.S.C. § 2000d. Discrimination that violates the Equal Protection Clause of the Fourteenth Amendment is also a violation of Title VI where that discrimination is committed by a federally-funded institution.[47]

To prevail on their race discrimination claims, De'Andre and Kaden must prove by a preponderance of the evidence (that it was more likely than not) that race was a motivating factor in BHISD's decisions to take the actions of which they complain.[48] Race need not be the only factor that BHISD acted on or even the primary motivation for BHISD's actions; other motivating factors may also be present.[49] Prohibited racial discrimination includes reliance on racial prejudice or stereotypes.[50]

Plaintiffs may prove their case through the use of direct and/or circumstantial evidence. Direct evidence includes statements showing a discriminatory motivation for the Defendant's treatment of the Plaintiffs. Indirect or circumstantial evidence includes proof of a set of circumstances sufficient to create a reasonable inference that race was a motivating factor in the Defendant's treatment of Plaintiffs.

Indirect or circumstantial evidence may include when a Defendant fails to articulate a believable, nondiscriminatory reason for its actions, or the Defendant articulates such a reason, but the Plaintiffs prove that the reason given by the Defendant is merely a pretext.[51]

---

[47] *Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*, 600 U.S. 181, 198 n.2 (2023)

[48] *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 266 (1977).

[49] *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 265 (1977); *Veasey v. Abbott*, 830 F.3d 216, 230 (5th Cir. 2016).

[50] *See, e.g.*, *Batson v. Kentucky*, 476 U.S. 79, 104 (1986).

[51] *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 252-56 (1981); *McDonnell Douglas Corp. v. Green,* 411 U.S. 702, 802-05 (1973); *United States Postal Service Bd. of Governors v. Aikens*, 460 U.S. 711, 716 n.5 (1983).

"Pretext" means that the reason given for a decision is not the real reason; instead, it is a reason given by the Defendant to hide or avoid disclosure of the true, discriminatory reason for the Defendant's actions.[52] If you conclude that the reason(s) given by the Defendant is pretext, you may infer that the Defendant's conduct was actually motivated by race.[53]

Indirect or circumstantial evidence may also include differences in the way that similarly situated individuals are treated (e.g., selective enforcement of a rule), the way a Defendant departs from its normal practices and procedures, the way a policy bears more heavily on individuals of one race as compared to another, the historical background of a decision, the sequence of events leading up to a decision, and contemporaneous statements by policymakers.[54]

If you find that race was a motivating factor in the Defendants actions, then the Defendant must prove by a preponderance of the evidence that the race-based action was narrowly tailored to further a compelling governmental interest.[55] This is called "strict scrutiny".[56]

Plaintiffs allege that BHISD's maintenance, revisions, and enforcement of the Hair Policy were motivated, at least in part, by race. BHISD alleges they had a lawful, legitimate and non-discriminatory justification for the Hair Policy.

---

[52] *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 252-56 (1981).

[53] *Reeves v. Sanderson Plumbing*, 530 U.S. 133, 146-148 (2000) ("rejection of the defendant's proffered reasons will permit the trier of fact to infer the ultimate fact of intentional discrimination").

[54] *Arlington Heights v. Metropolitan Housing Corp*., 429 U.S. 252, 265-68 (1977).

[55] *Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll*., 600 U.S. 181, 206-07 (2023).

[56] *Id.*

**Plaintiffs De'Andre Arnold and Kaden Bradford claim the District violated their constitutional protection against intentional race discrimination under the Fourteenth Amendment. Plaintiffs claim that the District revised and selectively enforced its dress and grooming code against them due to their race. The District disagrees and contends that it enforced the dress code in a uniform manner and any revisions to its dress code were not done to target Plaintiffs because of their race or for any other discriminatory motive. The District further contends that the Board of Trustees did not have actual or constructive knowledge of the alleged constitutional violations; there was no persistent, widespread pattern or practice of highly similar unconstitutional behavior by District officials or employees; and the Board of Trustees did not act with deliberate indifference to any known violations of the Plaintiffs' constitutional rights.**

**You are instructed that the District's dress code, including the Hair Policy, is facially race neutral. As such, Plaintiffs must prove by a preponderance of the evidence that:**

1. **the District's Board of Trustees had actual or constructive knowledge of District officials or employees selectively enforcing the dress code against Plaintiffs because of their race;**
2. **the District's Board of Trustees had actual or constructive knowledge of a persistent and widespread pattern of District officials or employees selectively enforcing the dress code against Black students because of their**

**race that was so common and well settled as to constitute a custom that fairly represented District policy; and**

3. **the District's Board of Trustees acted with deliberate indifference towards Plaintiffs' constitutional right to be free from disparate treatment on the basis of their race.**

**If Plaintiffs fail to prove each of the above by a preponderance of the evidence, they have failed to prove their claim for intentional race discrimination, and you must find for the District.**

Accepted as Written: _____ Accepted as Modified: _____ Refused: _____

**Dated: ____________, 2026**

______________________________
**GEORGE C. HANKS**
UNITED STATES DISTRICT JUDGE

## [PARTIALLY DISPUTED] PLAINTIFFS' REQUESTED JURY INSTRUCTION NO. 29

### State Claims – Race Discrimination

Texas law provides that an officer or employee of the state, or a political subdivision of the state, may not, because of a person's race or color:

(1) refuse to permit the person to use facilities;

(2) refuse to permit the person from participating in a program managed by the state or political subdivision;

(3) refuse to grant a benefit to the person: *or*

(4) impose an unreasonable burden on the person.[57]

Plaintiffs De'Andre Arnold and Kaden Bradford bring claims against the District under this law. If you conclude that the District engaged in any of the four acts listed above with respect to Plaintiffs Arnold or Bradford, then your verdict should be for those Plaintiffs on this claim. **On the other hand, if you conclude that the District did not engage in any of those four acts, or did not act because of Plaintiffs Arnold and Bradford's race or color, then you cannot find for Plaintiffs.**

De'Andre and Kaden allege that they were both subject to the discriminatory enforcement of BHISD's Hair Policy because of their race and color. They were denied state facilities, state-operated programs and benefits by being excluded from classroom instruction and extracurricular activities due to their culturally significant uncut locs. BHISD's action in attempting to force De'Andre and Kaden to cut their culturally

significant locs or else suffer removal from regular classroom instruction and extracurricular activities imposed unreasonable burdens on them. BHISD denies all allegations regarding race discrimination.

Accepted as Written: _____ Accepted as Modified: _____ Refused: _____

**Dated: ____________, 2026**

___________________________
**GEORGE C. HANKS**
UNITED STATES DISTRICT JUDGE

## [DISPUTED] JURY INSTRUCTION NO. 30

### First Amendment[58]

The Plaintiffs have the burden of proving that the acts of the Defendant deprived the Plaintiffs of particular rights under the United States Constitution. In this case, the Plaintiffs allege that BHISD deprived the Plaintiffs of their right to freedom of expression under the First Amendment to the Constitution when the Defendant, who knew that the Plaintiffs wore their locs to the natural length to communicate affinity with their cultural and family backgrounds, repeatedly targeted and made changes to BHISD's official Hair Policy to ensure that the only way the Plaintiffs could comply was by cutting off their locs altogether, or else they would face repercussions.

Under the First Amendment, a citizen has the right to free expression. The prohibition on violating one's First Amendment right to free speech applies to state-authorized actors, such as public-school districts, through the Fourteenth Amendment.[59] The general right to freedom of expression applies to conduct revealing an intent to convey a particularized message, and the likelihood that the message would be understood by those exposed to it.[60] To establish the Defendant deprived Plaintiffs of this First Amendment right, Plaintiffs must prove the following additional elements by a preponderance of the evidence (meaning that it is more likely than not that):

1. The Plaintiffs were engaged in a constitutionally protected activity;

---

[58] 5 Modern Federal Jury Instructions-Civil ¶¶ 87.95-87.98 (2026).

[59] *See, e.g.*, *James v. Cleveland Sch. Dist.*, 45 F.4th 860 (5th Cir. 2022).

[60] *Canady v. Bossier Par. Sch. Bd.*, 240 F.3d 437, 440 (5th Cir. 2001).

2. The Defendant's actions against the Plaintiffs would chill a person of ordinary firmness from continuing to engage in the protected activity; and
3. The Plaintiffs' protected activity was a substantial or motivating factor in the Defendant's conduct.

A substantial or motivating factor is a significant factor, though not necessarily the only factor.

If the Plaintiffs establish each of the foregoing elements, the burden shifts to the Defendant to prove by a preponderance of the evidence (that it is more likely than not) that the Defendant would have taken the action(s) in question, even in the absence of any motive to retaliate against the Plaintiffs. If you find that the Defendant is able to demonstrate this, you must find for the Defendant. If you find that the Defendant is not able to demonstrate this, you must find for the Plaintiffs.

De'Andre and Kaden wear their natural hair in locs as an expression of their heritage, identity and ethnicity. De'Andre and Kaden allege that BHISD was aware that wearing their natural hair in locs was an expression of their heritage, identity and ethnicity. They allege that their right to express their heritage by wearing culturally significant locs in a non-distracting or offensive manner has been infringed on by the disciplinary actions enforced by BHISD. BHISD denies that they have infringed on De'Andre and Kaden's First Amendment rights.

**Plaintiffs De'Andre Arnold and Kaden Bradford claim the District violated their constitutional right of freedom of expression under the First Amendment.**

**Plaintiffs claim that the District interfered with their right to freely express a cultural identity through the length of their hair without interference from the government.**

**The District argues that Plaintiffs did not wear their hair at a certain length as an expression of a cultural identity, nor did they objectively communicate their intent to wear their hair at a certain length as a discrete message to the world. Even if Plaintiffs did wear their hair as an expression of a cultural identity, the District further contends that Plaintiffs did not communicate this to the District's Board of Trustees or to any District employee prior to filing grievances, exemption requests, and voluntarily withdrawing from the District.**

**To establish this claim, Plaintiffs must prove by a preponderance of the evidence that:**

1. **they wore their hair long as an outward expression of cultural identity;**
2. **their hair length objectively communicated their cultural identity;**
3. **the District's Board of Trustees had actual or constructive knowledge of Plaintiffs' intent to wear their hair long as an outward expression of their cultural identity as Black males;**
4. **the District's Board of Trustees had actual or constructive knowledge that District officials or employees prohibited Plaintiffs from expressing their cultural beliefs as Black males through the length of their hair;**
5. **the District's Board of Trustees had actual or constructive knowledge of a persistent and widespread pattern of District officials or employees prohibiting Black male students from expressing their cultural beliefs as**

**Black males through the length of their hair that was so common and well settled as to constitute a custom that fairly represented District policy; and**

6. **the District's Board of Trustees acted with deliberate indifference towards Plaintiffs' First Amendment right to free expression.**

Accepted as Written: _____ Accepted as Modified: _____ Refused: _____

**Dated: ____________, 2026**

______________________________
**GEORGE C. HANKS**
UNITED STATES DISTRICT JUDGE

# [DISPUTED] JURY INSTRUCTION NO. 31

## First Amendment – Retaliation[61]

The First Amendment guarantees the freedom of speech. To prevail on a First Amendment claim of retaliation, Sandy Arnold must prove the following elements by a preponderance of the evidence (that it is more likely than not that):

1. Mrs. Arnold engaged in speech on a matter of public concern;
2. The District took action against Mrs. Arnold that would chill a person of ordinary firmness from continuing to engage in the speech; and
3. Mrs. Arnold's' speech was a substantial or motivating factor in the District's conduct.
4. **the District's Board of Trustees had actual or constructive knowledge of Mrs. Arnold's speech;**
5. **the District's Board of Trustees had actual or constructive knowledge that District officials or employees retaliated against Mrs. Arnold for speaking on matters of public concern;**
6. **the District's Board of Trustees had actual or constructive knowledge of a persistent and widespread pattern of District officials or employees retaliating against members of the public for protected speech that was so common and well settled as to constitute a custom that fairly represented District policy; and**

[61] Fifth Circuit Pattern § 10.6 & n.4 (modified).

7. **the District's Board of Trustees acted with deliberate indifference towards Mrs. Arnold's First Amendment right to speak on matters of public concern.**

A substantial or motivating factor is a significant factor, though not necessarily the only factor.

Mrs. Arnold engaged in constitutionally protected speech when she made statements in BHISD Board meetings—public, state-sponsored forums—that the Hair Policy is discriminatory. Mrs. Arnold alleges that BHISD retaliated against her after she spoke at the BHISD Board meetings by thwarting her attempts to address BHISD's discrimination against her son and nephew, publicly reprimanding her, and subjecting her to months of unwarranted police surveillance and intimidation. BHISD denies all allegations pertaining to Mrs. Arnold's retaliation claim.

Accepted as Written: _____ Accepted as Modified: _____ Refused: _____

**Dated: ____________, 2026**

______________________________
**GEORGE C. HANKS**
UNITED STATES DISTRICT JUDGE

**[FULLY DISPUTED - PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 32**

**Fourteenth Amendment – Due Process Clause**

De'Andre and Kaden base one of their claims on the Due Process Clause of the Fourteenth Amendment. The Due Process Clause requires government entities to treat people fairly and follow established rules allowing an opportunity to be heard before taking away their life, liberty, or property.[62] A student's entitlement to public education is a property interest protected by the Due Process Clause.[63]

Due process requires that the government provide students with notice and a hearing before imposing disciplinary actions on a student that infringe on the student's right to access a public school education.[64] It requires notice and the opportunity to be heard by an impartial decision-maker. The requisite notice and hearing must include fundamentally fair procedures.[65]

De'Andre and Kaden allege that BHISD deprived them of the right of access to public education without due process of law by excluding them from regular school classes for an extended period without providing them instruction substantially similar to that which they would have received in regular BHISD classes. They also allege that BHISD did not provide them with proper notice and a hearing before imposing this disciplinary action. They also allege that BHISD did not inform them of the Hair Policy exemption, disciplinary appeal or "grievance process" until they were excluded from regular

---

[62] *See* Const. Amend. XIV; *Mathews v. Eldridge*, 424 U.S. 319, 322 (1976).

[63] *See, e.g.*, *Swindle v. Livingston Par. Sch. Bd.*, 655 F.3d 386, 392 (5th Cir. 2011); *Porter v. Ascension Par. Sch. Bd.*, 393 F.3d 608, 623-24 (5th Cir. 2004).

[64] *See, e.g.*, *Keough v. Tate County Bd. of Educ.*, 748 F.2d 1077, 1083 (5th Cir.1984).

[65] *See* sources cited *supra* notes 34 & 35.

instruction and extracurricular activities. Lastly, De'Andre and Kaden allege that the grievance procedure was impermissibly biased, as the factfinders and ultimate decision makers were the same individuals who promulgated the discriminatory Hair Policy (i.e., the Board) and enforced such policy against De'Andre and Kaden (i.e., the administrators). BHISD denies all allegations regarding De'Andre's and Kaden's Due Process rights.

Accepted as Written: _____ Accepted as Modified: _____ Refused: _____

**Dated: ____________, 2026**

___________________________
**GEORGE C. HANKS**
UNITED STATES DISTRICT JUDGE

## [AGREED] JURY INSTRUCTION NO. 33

### Consider Damages Only if Necessary[66]

If the Plaintiffs have proved their claims against the District by a preponderance of the evidence, you must determine the damages to which the Plaintiffs are entitled. You should not interpret the fact that I am giving instructions about the Plaintiffs' damages as an indication in any way that I believe that the Plaintiffs should, or should not, win this case. It is your task first to decide whether the District is liable. I am instructing you on damages only so that you will have guidance in the event you decide that the District is liable, and that the Plaintiffs are entitled to recover money from the District.

Accepted as Written: _____ Accepted as Modified: _____ Refused: _____

**Dated: ____________, 2026**

______________________________
**GEORGE C. HANKS**
UNITED STATES DISTRICT JUDGE

[66] Fifth Circuit Pattern § 15.1.

## [DISPUTED] JURY INSTRUCTION NO. 34

### Compensatory Damages[67]

If you find that the Defendant is liable to the Plaintiffs, it is your responsibility to determine an amount that is fair compensation for all of the Plaintiffs' damages. These damages, known as compensatory damages, serve to make Plaintiffs whole—that is, to compensate Plaintiffs for the damage that they have suffered. Compensatory damages are not limited to expenses that the Plaintiffs may have incurred because of their injury. If the Plaintiffs win, they are entitled to compensatory damages for the physical injury, pain and suffering, and mental anguish that they have suffered because of the Defendant's wrongful conduct.[68]

You may award compensatory damages only for injuries that the Plaintiffs prove were proximately caused by the Defendant's allegedly wrongful conduct. An act is a proximate cause of the Plaintiffs' injuries or damages if it appears from the evidence that the injury or damage was a reasonably foreseeable consequence of the Defendant's act.[69]

The damages you award must be fair compensation for all of the Plaintiffs' damages, no more and no less. Damages are not allowed as a punishment and cannot be imposed or increased to penalize the Defendant. You should not award compensatory damages for speculative injuries but only for those injuries that the Plaintiffs have actually suffered or that the Plaintiffs are reasonably likely to suffer in the future.[70]

---

[67] Fifth Circuit Pattern § 15.2.

[68] *See State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408, 416 (2003); *Hiran Mgmt., Inc. v. NLRB*, 157 F.4th 719, 728 (5th Cir. 2025); *Damages*, Black's Law Dictionary (12th ed. 2024).

[69] 5 Modern Federal Jury Instructions-Civil P 87.03 (2026).

[70] *See Campbell*, 538 U.S. at 416 (2003); *Hiran Mgmt.*, 157 F.4th at 728.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that the Plaintiffs prove the amount of their losses with mathematical precision but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

**If you find that the Plaintiffs proved by a preponderance of the evidence that the District violated their constitutional rights for either intentional race discrimination or freedom of expression, then you must determine an amount that is fair compensation for Plaintiffs' damages. These damages are called compensatory damages. The purpose of compensatory damages is to make Plaintiffs whole – that is, to compensate Plaintiffs for the damage they suffered. Compensatory damages are not limited to expenses that Plaintiffs may have incurred because of their injury. If Plaintiffs win under their constitutional race discrimination or freedom of expression claims, they are entitled to compensatory damages for the mental anguish, if any, that they have suffered because of the District's wrongful conduct.**

**You may award compensatory damages only for injuries that Plaintiffs prove were proximately caused by the District's allegedly wrongful conduct. The damages that you award must be fair compensation for all of Plaintiffs' damages, no more and no less. Damages are not allowed as a punishment and cannot be imposed or increased to penalize the District. You should not award compensatory damages for speculative**

**injuries, but only for those injuries that Plaintiffs have actually suffered or that Plaintiffs are reasonably likely to suffer in the future.**

**If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Plaintiffs prove the amount of their losses with mathematical precision, but only with as much definitiveness and accuracy as the circumstances permit.**

**You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.**

**You are instructed that Plaintiffs cannot recover compensatory damages for any violations of Title VI or Title IX, by law.**

**You are instructed that you may not award compensatory damages for a violation of state law, if one is found.**

Accepted as Written: _____ Accepted as Modified: _____ Refused: _____

**Dated: ____________, 2026**

______________________________
**GEORGE C. HANKS**
UNITED STATES DISTRICT JUDGE

## [FULLY DISPUTED – REQUESTED BY DEFENDANT] JURY INSTRUCTION NO. 35

### Mitigation of Damages[71]

**A person who claims damages resulting from the wrongful act of another has a duty under the law to use reasonable diligence to mitigate his damages, that is, to avoid or to minimize those damages.**

**If you find the District is liable and Plaintiffs have suffered damages, Plaintiffs may not recover for any item of damage which they could have avoided through reasonable effort. If you find that the District proved by a preponderance of the evidence Plaintiffs unreasonably failed to take advantage of an opportunity to lessen their damages, you should deny them recovery for those damages that they would have avoided had they taken advantage of the opportunity.**

**You are the sole judge of whether Plaintiffs acted reasonably in avoiding or minimizing their damages. An injured plaintiff may not sit idly by when presented with an opportunity to reduce his damages. However, he is not required to exercise unreasonable efforts or incur unreasonable expenses in mitigating thedamages. The District has the burden of proving the damages that Plaintiffs could have mitigated. In deciding whether to reduce Plaintiffs' damages because of their failure to mitigate, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether the District has satisfied his burden of proving that Plaintiffs' conduct was not reasonable.**

[71] Fifth Circuit Pattern § 15.5.

Accepted as Written: _____ Accepted as Modified: _____ Refused: _____

**Dated: ____________, 2026**

______________________________
**GEORGE C. HANKS**
UNITED STATES DISTRICT JUDGE

## [AGREED] JURY INSTRUCTION NO. 36

### Nominal Damages[72]

Nominal Damages are an inconsequential or trifling sum awarded to a plaintiff when a technical violation of their rights has occurred, but the plaintiff has suffered no actual loss or injury.

If you find from a preponderance of the evidence (that it is more likely than not) that the Plaintiffs sustained a technical violation, but that the Plaintiffs suffered no actual loss as a result of this violation, then you may award Plaintiffs nominal damages not to exceed the sum of one dollar ($1.00).

Accepted as Written: _____ Accepted as Modified: _____ Refused: _____

**Dated: ____________, 2026**

**GEORGE C. HANKS**
UNITED STATES DISTRICT JUDGE

[72] Fifth Circuit Pattern § 15.2.

## [PARTIALLY DISPUTED] JURY INSTRUCTION NO. 37

## Duty to Deliberate[73]

**Members of the jury:**

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

[73] Fifth Circuit Pattern §§ 1.2 & 3.7.

**Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.**

**If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.**

**You may now proceed to the jury room to begin your deliberations.**

Accepted as Written: _____ Accepted as Modified: _____ Refused: _____

**Dated: ____________, 2026**

______________________________
**GEORGE C. HANKS**
UNITED STATES DISTRICT JUDGE